[No. 11323. Department Two. August 5, 1913.]

THE STATE OF WASHINGTON, *on the Relation of Nettie Barnard, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent*.[1]

INFANTS — GUARDIAN AD LITEM — APPOINTMENT — CONTROL. The court appointing a guardian *ad litem* to prosecute a suit for a minor has plenary power to revoke the appointment and name a substitute, without any appellate or supervisory jurisdiction in the supreme court over the same.

REMOVAL OF CAUSES—EFFECT—GUARDIAN AD LITEM. After the removal of a cause from the state court to the Federal court, the latter becomes completely possessed of the action and has plenary power over the guardian *ad litem* of the plaintiff; and thereafter certiorari to review an earlier order of the state court in substituting a new guardian *ad litem* does not lie; the remedy, if any, being by application to the Federal court.

Certiorari to review a judgment of the superior court for King county, Humphries, J., entered June 12, 1913, revoking the appointment of a guardian *ad litem* for an infant plaintiff. Dismissed.

[1]Reported in 134 Pac. 172.

*Van C. Griffin* and *Reynolds, Ballinger & Hutson*, for relator.

*William M. Watson*, for respondent.

FULLERTON, J.—On April 19, 1913, the superior court of King county appointed Nettie Barnard guardian *ad litem* of her minor son, Earl Adams, for the purpose of bringing an action to recover damages for injuries suffered by her son because, as she set forth in her petition, of certain wrongful acts of the Puget Sound Traction, Light & Power Company. Subsequently, on April 30, 1913, on motion of the attorney conducting the proceedings, and without notice to Mrs. Barnard, the court removed her as such guardian, and appointed one Robert D. Hamlin guardian *ad litem* in her place and stead; the reason set forth in the order being that Mrs. Barnard had failed, neglected and refused to verify a complaint in the action, or prosecute the same with diligence, or prosecute the same at all, and no sufficient reason appeared for her refusal. In this proceeding Mrs. Barnard seeks to review the order of removal, to revoke and annul the same, and to have herself reinstated as such guardian *ad litem*.

In response to the alternative writ issued by this court, the trial judge made a return showing, among other things, that, prior to the issuance of such writ, the guardian *ad litem* substituted for Mrs. Barnard had filed a complaint in the action in which he was appointed, and had caused the same to be served upon the Puget Sound Traction, Light & Power Company, and that the company had appeared in the action and had caused the same to be removed into the district court of the United States for the Western District of Washington, Northern Division, and that the action was then pending in that court. The guardian representing the plaintiff in the action below also appeared in this court, and moved to quash the writ on the ground that the same was issued improvidently and without any sufficient reason in law or in fact.

It is our opinion that the motion should be granted.    It is the consensus of the authorities that the court has plenary power over the person whom it appoints as guardian *ad litem* to prosecute or defend an action for an infant plaintiff or defendant who is not of the age at which he is permitted by statute to select his own guardian.

"It is the court's duty to protect the infant fully, and to see that he is not prejudiced by any act or omission of the next friend or guardian *ad litem*.    To this end the court may control the suit, and the next friend or guardian *ad litem* is at all times subject to the control and direction of the court. The court may, at its pleasure, revoke the authority of the next friend and substitute a new one, and it is the duty of the court to do so whenever the infant's interests would otherwise be likely to suffer."    14 Ency. Plead. & Prac., 1041.

"This power to make substitution is broad, and is necessarily exercised in a summary way; and there is no basis for the contention of the petitioner that it could not be done without notice to the next friend, or other formal proceedings." *King v. McLean Asylum of Massachusetts General Hospital,* 64 Fed. 331, 354.

Such being the rule, it follows that the appellate court has no appellate or supervisory jurisdiction over such orders. *Estate of Hathaway,* 111 Cal. 270, 43 Pac. 754.

In this cause another reason exists for quashing the writ. The cause was removed to the district court of the United States prior to the time the alternative writ was sued out of this court.    On the removal of the cause to that court, it became possessed of the same as fully and completely as if the action had been originally commenced therein.    That court has the same plenary power over guardians *ad litem* as is possessed by courts generally.    Clearly, therefore, neither this court, nor the superior court from which the cause was removed, can now make orders which will affect the parties to the action in that court.    If the guardian *ad litem* representing the minor plaintiff is an unsuitable person, or was irregularly appointed, the court in which the action is now pending has ample power to make a substitution, and it would

seem that the remedy of the relator, if any she has for the wrong she conceives was committed, would be to apply to that court.

The writ is quashed and the proceedings dismissed.

Main, Ellis, and Morris, JJ., concur.