HENDERSON et al. v. SHELL OIL CO.,
Inc., et al.

No. 14615.

Court of Civil Appeals of Texas.
Fort Worth.

March 3, 1944.

Rehearing Denied April 7, 1944.

John H. Haley, of Bowling Green, Mo., and Rogers & Montgomery and McDonald & Anderson, all of Wichita Falls, for appellants.

Geo. W. Cunningham and W. D. Masterson, both of Tulsa, Okl., Stine, Bunting & Stine, of Henrietta, and John E. Kilgore, of Dallas, for appellee Shell Oil Co.

Stine, Bunting & Stine, of Henrietta, for appellee M. L. Henderson.

BROWN, Justice.

A petition for certiorari to the county court of Clay County, Texas (sitting in probate matters), was presented to the district court of such county, and the pleading recites: "Now comes Hugh Henderson, individually and suing by and through Orson H. Lee, his next friend, and Orson H. Lee as next friend but who is Guardian and Curator for Hugh Henderson, residents of the State of Missouri."

This pleading alleges that Hugh Henderson is the owner of a described 220-acre tract of land in Clay County, Texas, that is very valuable in that there is a large amount of crude oil in and under it; "that Hugh Henderson, plaintiff, is an unmarried male person about 70 years of age, who is now and has been during all of his life a resident citizen of the State of Missouri; that he is now and has been for more than thirty years a person of unsound mind but not of such a nature as to require that he be restrained of his liberty; that Orson H. Lee was appointed by the probate court of Pike County, Missouri, in October, 1942, Guardian and Curator of the said Hugh Henderson, a non compos mentis; that the said Hugh Henderson, because he has been of unsound mind during all of this time and all of the period alleged herein, does not yet know the force and effect of any of the proceedings hereinafter alleged nor their relation to any operation of his property".

The pleading then alleges that one of the defendants, M. L. Henderson, on November 13, 1918, made written application in the county court of Clay County, Texas, to be appointed guardian of the estate of Hugh Henderson, was so appointed by such court, and further alleges that all such proceedings are and were null and void and points out the irregularities in the proceedings that form the basis of the charge, including the fact that Hugh Henderson was not then and has not been since then a resident citizen of the State of Texas.

The petition alleges that on December 9, 1937, M. L. Henderson attempted to take charge of said Hugh Henderson's property in Clay County, Texas, and at such time made application to make an oil and gas lease on Hugh Henderson's land at a price of $2 per acre to one Jim Robinson, and the probate court granted the application, and authorized the sale, and said Robinson assigned the lease to Shell Oil Company, Inc. (which is also made a defendant in the certiorari suit); all these proceedings are attacked as being void.

The petition next avers that on March 31, 1939, said M. L. Henderson filed in said probate court of Clay County, Texas, a second application to have Hugh Henderson adjudged of unsound mind and to be appointed guardian of said Hugh Henderson's estate, in Clay County, Texas; and that on April 17, 1939, the said probate court attempted to enter up an order and judgment adjudging Hugh Henderson to be a person of unsound mind and appointing M. L. Henderson guardian of the estate of said Hugh Henderson; that all such proceedings and the attempt on the part of M. L. Henderson to qualify as such guardian are null and void.

It is further alleged that M. L. Henderson, then, on April 20, 1939, made application to the probate court to execute an oil and gas lease to Shell Oil Company, Inc., for a term of ten years, on Hugh Henderson's said lands at and for the price of $1,-100; that the said probate court attempted to order and authorize M. L. Henderson to execute such lease under such terms; that this was done, and all the proceedings are attacked as being void.

That on May 9, 1939, M. L. Henderson made application for authority to sell an undivided one-half of the mineral interest belonging to Hugh Henderson at and for $25 per acre, or a gross sum of $2,750; and that acting under the order of the said pro-

bate court, the deed was executed and the probate court confirmed the sale; and all these acts and orders are attacked as being void.

The petition prays for a writ of certiorari and that all of the acts, decrees, orders and judgments of the said probate court be set aside, and the said leases and the mineral deed be canceled, and a recovery be had for Hugh Henderson.

The defendant Shell Oil Company answered to the merits; but the defendant M. L. Henderson filed a verified pleading attacking the authority of the attorneys, who instituted the suit, to prosecute same on the theory that the plaintiff, Hugh Henderson, was then and for many years prior to the bringing of the suit a person of unsound mind and incapable of contracting for the services of such attorneys; that M. L. Henderson is the guardian of the estate of Hugh Henderson; that Orson H. Lee is not related in anywise to Hugh Henderson and seeks to prosecute the case solely for such financial gain as he may obtain by the suit; and that he is a "rank intermeddler and is not a fit or proper person to act as next friend for the said Hugh Henderson"; that M. L. Henderson is a brother of Hugh Henderson.

A number of persons, who are related to Hugh Henderson, and who are shown to be "heirs apparent" of the said Hugh Henderson, also filed motions asserting that Orson H. Lee is not a fit and proper person to act as "next friend" of Hugh Henderson.

One of these "motions" is made by Abe Henderson, a resident citizen of Pike County, Missouri, with whom Hugh Henderson lives.

M. L. Henderson's pleading and all of these "motions" pray that the suit be dismissed, and, in the alternative, if the court should not see fit to dismiss same, that a suitable person be named by the court to act as "next friend" of said Hugh Henderson.

A hearing was had and the trial court rendered the following judgment: That Hugh Henderson is now and has been at all times material to the controversy a person of unsound mind and is without sufficient mental capacity to manage his own affairs and did not at the time of the institution of the suit have sufficient mental capacity to determine whether it was to his best interest to institute the proceeding, or to employ attorneys for the prosecution of same; and, accordingly, the trial

court decreed that the attorneys who filed the suit had no authority to institute the same and are without authority to prosecute it. The judgment further finds that Orson H. Lee is not related to Hugh Henderson by blood or marriage, and is not a friend of Hugh Henderson and has no interest in his welfare and is an utter stranger to the next of kin and other relatives of Hugh Henderson, "and that he is not a suitable and proper person to act herein as next friend of the said Hugh Henderson, and that he has no legal capacity to maintain this proceeding. It is, therefore, further ordered, adjudged and decreed that the said Orson H. Lee be and he is hereby removed as next friend of the said Hugh Henderson and he will not be permitted to conduct this litigation on behalf of the said Hugh Henderson".

The trial court did not dismiss the suit but appointed one J. Willard Gragg, an attorney at law, of Dallas, Texas, as next friend of Hugh Henderson. When this judgment was rendered, one of the attorneys who filed this suit excepted "on behalf of the said Hugh Henderson and Orson H. Lee, and in open court gave notice of appeal" to this Court of Civil Appeals.

Appeal being made, the two named appellants present the following "points": (1) The error of the probate court of Clay County, Texas, in adjudging a nonresident to be a person of unsound mind and appointing a guardian of his Texas estate.

This point goes to the merits of the case, and the trial court not having as yet passed upon the merits, we decline to consider the point.

(2) The insufficiency of the evidence to support the finding of the district court herein that Hugh Henderson was a person of unsound mind.

In the first place, the pleading that instituted the suit alleged in no uncertain terms that Hugh Henderson was then and had been for more than 30 years a person of unsound mind, and the pleading of M. L. Henderson, the guardian of the estate of Hugh Henderson, appointed by the probate court of Clay County, Texas, alleges the same fact.

This alone was sufficient to support the finding of the trial court, in the absence of some attack made on these admissions of all of the parties at interest. But, a reading of the testimony given by Hugh Henderson at the hearing is enough to show that the trial court had ample evidence on which to make the finding of which complaint is made.

As we view this case, there is nothing before us of importance except the order of the trial court removing Orson H. Lee as next friend of Hugh Henderson and the appointment of J. Willard Gragg to act as such next friend in the pending litigation. Therefore, we next consider the last two points: (3) The abuse of discretion by the trial court in refusing to permit Hugh Henderson to appear by Orson H. Lee as next friend, and (4) the abuse of discretion by the trial court in appointing J. Willard Gragg, an antagonistic relative, as next friend of Hugh Henderson.

Appellants admit that by virtue of Rule 44, Rules of Practice and Procedure in Civil Cases, now in force in Texas, persons non compos mentis and lunatics who have no legal guardian may sue and be represented by a next friend.

In the case of Bonner et al. v. Ogilvie, 24 Tex.Civ.App. 237, 58 S.W. 1027, 1028, where a mother who had been duly appointed guardian of her minor child sued to recover lands in Texas for her child, the court said: "Her appointment as legal guardian in Louisiana would not give her authority to sue as such guardian in Texas, but it would not deprive her of the power to sue in this state as next friend, where it was necessary to do so, and where she was permitted to do so by the court in which the suit was brought."

In the case of Faulkner et al. v. Reed, Tex.Com.App., 241 S.W. 1002, 1007, (opinion adopted by the Supreme Court) it was held: "An administrator, appointed by the courts of Ohio, could not, by virtue of said appointment sue or be sued in the courts of Texas, or in any way act as a legal representative of said estate in Texas. An administrator is the agent solely of the court appointing him, clothed with authority to administer only such assets as are within the jurisdiction of the court making such appointment. In other words, an administrator has no extraterritorial authority." The court cites several Texas decisions in support of the holding made.

The proceedings were brought by Orson H. Lee, and it appears that the only capacity in which he could be recognized as having the right to bring the suit is that of "next friend".

■ This then brings us to the question of the power and authority of the trial court to determine whether or not Orson H. Lee will be permitted by such court to prosecute the suit in such capacity, or whether the trial court has the discretion to remove Lee as "next friend" and appoint some person of the court's choosing to act in such capacity.

In Vol. 23 Texas Juris., sec. 66, p. 763, the text declares that the trial court has full power to substitute another in lieu of the infant's original next friend, whenever such step is deemed to be in the interest of the minor.

The same rule is applicable to persons non compos mentis.

In Martin v. Weyman, 26 Tex. 460, at page 468, it is said: "The action of the next friend of a minor, is within the control of the court. It may at any time, if deemed for the interest of the minor, substitute a new party as his next friend, in place of one with whom the suit was originally commenced."

The authority to do what was done by the trial court in the instant suit is recognized in the following authorities: Kingsbury v. Buckner, 134 U.S. 650, 10 S.Ct. 638, 33 L.Ed. 1047–1058; Tate v. Mott, 96 N.C. 19, 2 S.E. 176; Vol. 32 C.J., sec. 601, p. 775; Vol. 14 R.C.L., sec. 49, p. 279; Vol. 28 Am.Jur. p. 738, and many other cases cited in appellees' brief.

Orson H. Lee was given notice of the attack made upon him as next friend and he made no effort to appear in person and defend his position.

In the case of State v. Superior Court, 74 Wash. 559, 134 P. 172, the Supreme Court of the State of Washington held that such substitution could be made without notice to the next friend and without formal proceedings.

The Supreme Court of California, in Re Hathaway's Estate, 111 Cal. 270, 43 P. 754, 755, said, in a case where the same question that is before us was presented: "If an appeal could be taken from the order removing him, it could with equal reason be taken from the order appointing him, and the very purpose of the appointment would be frustrated."

In the case before the Supreme Court of Washington cited next above, it was said [74 Wash. 559, 134 P. 173]: "Such being the rule, it follows that the appellate court has no * * * supervisory jurisdiction over such orders."

In Vol. 31 C.J., sec. 313, pp. 1147–48, it is said that the trial court has power to remove, or revoke the authority of, a next friend at its discretion, and asserts that the order of removal is not reviewable. The text cites cases in support of the power to remove, and cites three cases supporting the assertion that the order of removal is not reviewable. These cases are from California, Delaware and Washington.

■ We do not believe that the courts of the State of Texas have ever held or will hold that such orders are not reviewable. It is the policy of this State to permit a review of the acts and orders of trial courts that find their genesis in the discretionary powers of trial courts, but it is likewise true that an abuse of discretion must be shown in order to justify the interference by an appellate court.

■ We are unable to say that the record before us discloses an abuse of discretion on the part of the trial court in removing Orson H. Lee as next friend of Hugh Henderson and in thus declining to recognize him as next friend, or to permit him to prosecute the suit for Hugh Henderson.

If the trial court needed evidence to support his discretionary act, we call attention to the following facts adduced: One John Haley, an attorney of Bowling Green, Missouri, appears as one of the attorneys for appellants. Bowling Green is in Pike County Missouri. Abe Henderson, with whom Hugh Henderson lives, during the time that he is not working for others, has a home in Pike County, Missouri. Haley went to the probate judge of said Pike County and discussed with him the adjudging of Hugh Henderson as a man of unsound mind and the appointment of a guardian for him. The fact of the appointment of a guardian in Texas having been made known to such probate court, he declined to assume the responsiblity of entering into any such proceeding. Then Haley went with one Worrell and several witnesses over into Lincoln County, Missouri, before the probate judge of such county. Haley had attempted to see and talk to Hugh Henderson at his home—the home of Abe Henderson—and Abe ordered him away from the place and refused to permit him to see Hugh. They picked Hugh up on the road somewhere either at

or near the home of Worrell or one of the witnesses.

Haley said he represented Worrell who made the complaint before the probate court. He said Hugh Henderson paid him a fee for the services rendered. He said Hugh had employed him to see about his property to try to recover it for him. It is evident from his testimony that Haley procured the appointment of Orson H. Lee as guardian and curator of the estate of Hugh Henderson. Lee is Haley's nephew and he lives in St. Louis, Missouri, and never saw Hugh Henderson before the lunacy hearing. Hugh Henderson owns no real estate or personal property in Missouri. All of his real estate is in Clay County, Texas.

Before Haley joined with others, who took part in the proceedings in Lincoln County, Missouri, Haley never discussed the matter with any person related to Hugh Henderson. Haley is to receive one-third of the attorney's fee allowed in this suit.

In our opinion this furnishes ample evidence on which the trial court could exercise his discretion in removing Lee as next friend of Hugh Henderson.

Vested with the discretion to appoint a next friend for Hugh Henderson, to act for him in the litigation, the trial court has appointed J. Willard Gragg, an attorney at law. Gragg is the son of Mrs. Clara Gragg, who is a surviving daughter of one of Hugh Henderson's deceased brothers.

It thus appears that Gragg's mother is one of the "heirs apparent" of Hugh Henderson, whose mother and father have been dead many years.

We are unable to see how it can be said, from the record, that J. Willard Gragg "is an antagonistic relative of Hugh Henderson". To do so we are compelled to speculate and indulge in inferences.

By speculation and indulgence in inferences we may just as easily conclude that Gragg is not "antagonistic". He is a lawyer and should be capable of concluding that there is merit in the pending litigation, if there is, and if he should prevail in the suit, the ultimate effect would be, in all probability, to enhance the value and volume of the estate of Hugh Henderson, in which Gragg's mother will certainly participate as an heir, unless the estate is dissipated prior to the death of its owner.

Thus it may appear that whatever is for the best interest of Hugh Henderson may prove to be for the best interest of Gragg's mother, and instead of being antagonistic, Gragg may be exactly the opposite. And may we here observe that the allowance of a portion of the income from the estate for the support and maintenance of Hugh Henderson will not and cannot be in the hands of Gragg, or of the district court of Clay County, but is a matter for the proper probate court to determine.

■ This case has not been tried on its merits, and we must presume that both the next friend, who is an officer of the court, appointed by the court, and the court will discharge their respective duties in seeing that the case is properly tried, or disposed of in a manner consistent with the best interests of the non compos mentis.

Finding no reversible error, the judgment of the trial court is affirmed.

### Motion for Rehearing.

Rehearing denied.

### McDONALD, Chief Justice (dissenting).

After most careful consideration I have become convinced that we erred in affirming the ruling of the trial court. I fear that the issue tried below was not whether Orson H. Lee was a proper person to act as next friend for the plaintiff, but whether the case ought to be prosecuted at all.

As I view it, the record as a whole reflects clearly that the brother who is guardian, and certain other relatives of Hugh Henderson, have combined with the oil company which purchased mineral interests from the guardian, in the effort to oust Lee as next friend. One of the relatives who joined in the move to oust Lee is the mother of J. Willard Gragg, whom the court appointed as next friend in the place of Lee. I observe that her motion to oust Lee is also signed by one of the attorneys who represent the oil company. Counsel for the defendants have argued with great vigor in this court that the "family" do not want this suit prosecuted.

The land which belongs to plaintiff has several oil wells on it. Half the royalty income amounts to $1500 per month. Yet the brother who has been acting as guardian has until recently been paying only about $25 per month over to the plaintiff for his support. Although wealthy, plaintiff has been compelled to live in compara-

tive poverty. Plaintiff is not married, has no children, and cannot make a valid will. Therefore his collateral kin, many of whom have joined in the move to oust Lee as next friend, will receive at plaintiff's death all that has not been expended for his support. Their own counsel refer to them as the "heirs apparent".

' There is simply nothing in the record to suggest to me that there will be any lack of diligence, skill, ability and competence employed in the presentation of Hugh Henderson's rights and claims in court if Orson H. Lee is retained as his next friend. Lee has employed as his counsel some of the ablest and most honorable attorneys in this Supreme Judicial District. They have unmistakably prosecuted the case with vigor and determination up to this point.

I am of opinion that the court below was in error in removing Lee as next friend and in substituting in his place a person who is so closely connected with those who openly and obviously oppose the prosecution of the litigation.