**HERRIN et al. v. FALCON et al.**

No. 4382.

Court of Civil Appeals of Texas. Beaumont.

Oct. 17, 1946.

Rehearing Denied Nov. 11, 1946.

Charles S. Pipkin, Alto V. Watson, and Rex Fortenberry, all of Beaumont, for appellants.

Sonfield, Votaw & Sonfield, of Beaumont, for appellees.

COE, Chief Justice.

Gus James Falcon, surviving husband of Mrs. Gus James Falcon, deceased, Mrs. E. Templet, a single woman, mother of the deceased, and Stanley Weil, a minor son of deceased, acting and being represented by his father, Helden Weil, as next friend, all of whom reside in Ascension Parish, Louisiana, brought this suit in Jefferson county, Texas, against Herrin Transportation Company, a private corporation of the State of Texas, R. T. Herrin, who resides in Harris county, Texas, doing business under the assumed name of R. T. Herrin Transport Company, and J. H. Childs, alleged employee of the two other defendants, who resided in Jefferson county, Texas, for damages growing out of the death of Mrs. Gus James Falcon, alleged to have occurred as the result of a collision between a truck belonging to R. T. Herrin Transport Company, and operated by J. H. Childs as such employee, and an automobile driven by one Melvin J. Kennedy. Upon the verdict of the jury, judgment was entered in favor of Gus James Falcon in the amount of $1,225, in favor of Mrs. E. Templet in the amount of $500, and in favor of Stanley Weil, the minor, in the sum of $7,500. Appellants' amended motion for a new trial having been by the court overruled, the appellants have prosecuted this appeal. The judgment being against the appellants, R. T. Herrin and J. H. Childs only, the Herrin Transportation Company has filed no brief.

The appellees alleged that at the time in question a truck and trailer which belonged to R. T. Herrin, being operated by J. H. Childs as the agent of R. T. Herrin, was stopped, parked and left standing upon the paved portion of the Beaumont-Port Arthur highway outside of an incorporated town or city and at a place where it was possible to leave said truck and trailer standing off the paved portion of the highway. They also alleged that an automobile in which Mrs. Gus James Falcon was riding as a guest was in collision with said truck and trailer, and that her death was proximately caused by such collision, charging specific acts of negligence as follows: "In parking and leaving standing said truck and trailer upon the paved portion of the highway when it was possible to leave the same off the paved portion of the highway; in failing to have any tail light burning on the trailer at the time of the collision, which acts of negligence were alleged to be the direct and proximate cause of the collision in question and the injuries and death of said Mrs. Gus James Falcon, and prayed for damages in the sum of $35,000."

The court submitted to the jury in his charge 42 special issues, and in answer thereto the jury found that the truck and trailer in question was stopped and standing on the paved portion of the highway in question at the time and place in question; that it was possible for the truck and trailer in question to be stopped off the paved portion of the highway at the time and place in question; that the car in which Mrs. Gus James Falcon was riding as a guest while proceeding toward the city of Port Arthur collided with the rear end of said trailer while the truck and trailer were left standing on the highway at the time and place in question; that the truck and trailer being stopped and standing on the paved portion of the highway in question at the time and place in question was a proximate cause of the collision; that J. H. Childs, the driver of said truck and trailer, failed to have any red light burning on the rear end of said trailer at

and immediately before the time of the collision in question; that the failure to have a red light burning on the rear end of said trailer at the time and place in question was a proximate cause of the collision; that Mrs. Gus James Falcon sustained personal injuries in said collision, that said personal injuries caused the death of Mrs. Gus James Falcon, either on the night of August 17, 1943, or the morning of the following day, and assessed the damages as above set out; that Melvin J. Kennedy, the driver of Falcon's car, did not fail to keep a proper lookout on the occasion in question; that Melvin J. Kennedy was not operating his automobile at a negligent rate of speed; that he did not fail to maintain a proper control of the automobile which he was driving; that he did not fail to observe the Herrin truck in time to avoid the collision; that prior to the collision in question he was not operating his automobile at a rate of speed that would not permit him to bring his automobile to a stop within a distance that he was able to see through the use of the lights upon his automobile; that he failed to apply his brakes upon his automobile in sufficient time to avoid the collision; that such failure to apply the brakes was not the sole cause of the collision; that he was not operating his automobile on the occasion in question while under the influence of intoxicating liquors; that he was not driving without adequate lights burning on his automobile; that immediately prior to and at the time of the collision in question there was a lighted flare on the pavement to the rear of the Herrin truck; that Melvin J. Kennedy did not fail to heed such lighted flare, and that the collision in question was not the result of an unavoidable accident.

By appellants' first two points, they complain, as they did in the trial court, of the wording of special issues Nos. 1 and 2 for the reason they were not couched in the language of the statute, and an affirmative answer thereto by the jury would not constitute the finding that either of the appellants had violated any provision of the statute in that it did not directly submit to the jury for a finding that either of the appellants parked or left standing said vehicle upon the paved or improved or main travelled portion of the highway and that special issue No. 2 was defective in that it did not contain the necessary element of the statutory offense, namely, was it possible "to park or leave such vehicle standing" off of the paved or improved or main travelled portion of such highway at the time and place in question. We agree with appellants that issues Nos. 1 and 2 as submitted by the court are not sufficient to convict either of the appellants of the violation of the statute. Article 827a, Section 10, Vernon's Penal Code of the State of Texas, among other things, provides: "No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main-traveled portion of any highway, outside of any incorporated town or city, when it is possible to park or leave such vehicle standing off of the paved or improved or main-traveled portion of such highway * * *." Had the evidence been in such condition as to require the submission of the above issues, then we are of the opinion that it would be necessary for the jury to find that at least one of the appellants left the truck and trailer in question standing upon the paved or improved main travelled portion of the highway outside an incorporated town or city, and that it was possible to leave such vehicle standing off of the paved or improved or main travelled portion of such highway and not to merely stop the same. Under the admissions of appellants and the uncontradicted testimony of disinterested witnesses, as well as the driver of the truck and trailer in question, it was conclusively shown that said truck and trailer was left standing upon the paved or improved or main travelled portion of said highway outside any incorporated town or city at the time and place in question for approximately two hours before the collision in question occurred which was around 9:30 o'clock at night and that at the point where said truck and trailer was standing upon such highway there was a firm shoulder some 15 feet wide on either side of the paved portion of the highway and nothing to prevent such vehicle from being parked thereon. In this state of the record, there

being no controverted issue of fact as to the truck and trailer being standing upon the paved portion of the highway at a point where it was possible to park said truck and trailer off the paved portion of the highway it was not necessary to submit such issue to the jury. It therefore follows that the failure of the trial court to submit said issues in the proper form becomes harmless error. Southern Underwriters v. Boswell, Tex.Civ.App., 141 S.W.2d 442, and cases there cited.

A majority of appellants' remaining points complain in different ways of the failure of the trial court to submit the issue of common law negligence in connection with special issues Nos. 1 through 6 of the court's charge, which issues involve the acts of negligence relied upon by appellees for a recovery, contending that the acts and conduct of the appellant J. H. Childs were not such as to be negligence per se and that the court should have submitted to the jury the question as to whether such acts and conduct as plead and proven by appellants were negligence as a matter of fact, and among other cases cited in support of their contention is the case of Taber v. Smith, Tex.Civ.App., 26 S.W.2d 722. The evidence in connection with these contentions, which appellants contend destroys any negligence as a matter of law, is found in the evidence given by J. H. Childs, the driver of the truck in question, and is to the effect that on the occasion in question he had been proceeding down the highway leading from Beaumont to Port Arthur, driving in the direction of Port Arthur, that it was raining and the wind was blowing hard, that his engine became wet as the result of the blowing rain and that he had slowed down to approximately two or three miles per hour when an automobile being driven by one Mr. Red collided with the rear end of his trailer, causing him to remove his foot off the accelerator on his truck, which had the effect of killing his engine, and that he was thereafter unable to get the engine started, that he tried to start it, tried to push it off, and get it off the highway with the starter, and could not move it, that it was a very heavy truck, that he had sent word into Port Arthur for his employer to send out another truck to pull him in and that upon its arrival on the scene, some 15 minutes before the collision in which Mrs. Falcon was injured, he and the driver of the second truck began trying to start the engine of the disabled truck and were continuing their efforts to start said engine when the collision in question occurred. There was no effort made to either push or pull said disabled truck off of the highway by the relief truck and it seems that no other effort was made to remove said truck from the highway than as set out above. Appellants contend that this evidence under the authority of Taber v. Smith, supra, required the court upon proper request to submit to the jury the question of common law negligence and for the appellees to get a favorable finding thereon before the court would be authorized to enter a judgment in favor of the appellees. Appellants bring forward a very able argument in support of their contention, and no doubt the opinion in Taber v. Smith, supra, is direct authority supporting their contention. However, we find ourselves unable to agree with these contentions as applied to the facts of the case here presented. It seems to be well settled in this state and in a majority of the other jurisdictions that the violation of a penal statute is "negligence per se" or "negligence as a matter of law," that is where a statute imposes upon any person a specific duty for the protection or benefit of others, if he neglects to perform that duty he is liable to those for whose benefit it was imposed for any injuries of the character which the statute was designed to prevent, and which was proximately produced by such neglect, provided the plaintiff is not guilty of contributory negligence. When the violation of a statute by the defendant is shown which proximately causes injury to a person for whose protection it was passed, the defendant will not be heard to say that its breach was consonant with any degree of care. Texas & Pac. Ry. Co. v. Baker, Tex.Com.App., 215 S.W. 556, and cases there cited; St. Louis, I. M. & S. Ry. Co. v. Taylor, 210 U.S. 281, 28 S.Ct. 616, 52 L.Ed. 1061; Leary et al. v. Oates, Tex.Civ.App., 84 S.W.2d 486. This rule applies though the

statute is so vague and indefinite that it can not be enforced as a penal statute. West Texas Coaches, Inc., v. Madi, Tex. Com.App., 26 S.W.2d 199. This rule seems to be bottomed upon the proposition that the hardship or burden should be borne by those who could in some measure control their causes instead of upon those who are in the main helpless in the matter. The stipulations and uncontradicted testimony conclusively showing that the appellants left the truck and trailer in question standing upon the paved portion of the highway, in the night time for a period of approximately two hours, clearly shows a violation of the statute and the jury having found that it was a proximate cause of the collision and resulting injury and death to Mrs. Falcon, the appellants were liable for the injuries and damages caused thereby, which was found by the jury to be in the sum for which the judgment was entered.

These same contentions are advanced by the appellants with reference to the finding of the jury to the effect that the driver of said truck and trailer failed to have any red light burning on the rear end of said trailer at and immediately before the time of the collision in question, and that such failure was to proximate cause of said collision. The statutes relating to the necessity of having a red burning light on the rear of motor vehicles are Articles 798 and Section 9 of 827a, Vernon's Penal Code of Texas. The evidence on the issue as to whether the driver of the truck and trailer in question had a red light burning on the rear of the trailer was very conflicting but was sufficient to raise the issue and to support the finding of the jury that no such light was burning. As we read the record, the only evidence that could in any way excuse the failure to have such light burning was that of Childs, the driver of the truck, to the effect that immediately before the collision in question that he had observed the lights on the rear of the trailer and that one or more red lights were burning at that time and that he knew of no reason why such lights should have gone out, and that he felt sure that said lights were burning. What we have already said disposes of these contentions. See Penn-

ington Produce Co. v. Wonn, Tex.Civ.App., 49 S.W.2d 482; Sproles v. Rosen et ux., 126 Tex. 51, 84 S.W.2d 1001; Headstream v. Mangum, Tex.Civ.App., 174 S.W.2d 496. That the truck was in operation, see English et al. v. Ware, Tex.Civ.App., 147 S.W. 2d 864, and cases there cited. However, they further contend that since the jury found in answer to special issue No. 20 that Melvin J. Kennedy, the driver of the car in which Mrs. Falcon was riding, did not fail to observe the Herrin truck in time to avoid the collision, that their failure to have such light on the trailer could not be a proximate cause of the collision and that such finding by the jury is in direct conflict with their finding that the failure to have such light was a proximate cause of the collision. This apparent conflict arose in a very unusual manner. Following special issue No. 20, which inquired if Kennedy failed to observe the Herrin truck in time to avoid the collision, the court conditionally submitted an issue on an affirmative answer to special issue No. 20, inquiring as to whether Kennedy's failure to observe the Herrin truck in time to avoid the collision was the sole cause of the collision. Being predicated upon an affirmative answer to No. 20 and No. 20 having been answered in the negative, the jury made no finding to such issue. Therefore, we have the naked finding that Kennedy, the driver of the car, did not fail to observe the truck and trailer in time to avoid the collision without any finding as to whether he was guilty of any negligence thereafter in not preventing the collision or whether any act of said Kennedy in connection therewith was either a proximate cause or the sole cause of such collision. With the record in this condition we are unwilling to say that the answer of the jury to special issue No. 20 had the effect of destroying their finding that the failure to have a red light burning on the rear end of the trailer at and immediately before the time of the collision in question was a proximate cause of the collision.

By appellants' points Nos. 21 and 22, they complain of the action of the trial court in overruling their plea in abatement to the cause of action asserted by Stanley Weil, through Helden Weil as his next friend. In appellants' plea in abatement,

which the trial court overruled, they alleged that Helden Weil was the duly qualified tutor of the minor Stanley Weil in the State of Louisiana, the state of their residence, that no ancillary proceeding or original guardianship proceeding had been instituted in the State of Texas, and, therefore, said tutor could not bring this suit in the State of Texas; further, that since there was a duly qualified and appointed and acting tutor of the person and estate of Stanley Weil in the State of Louisiana, that under the Rules of Civil Procedure of the State of Texas, the minor, Stanley Weil, could not bring this suit by next friend. The matters of fact alleged in said plea were shown to be true by the pleadings filed by appellees. Appellants have cited us no authorities sustaining their contention with reference to this matter. We overrule these points. Rule 44, Texas Rules of Civil Procedure, provides in effect that minors who have no legal guardian may sue and be represented by next friend. A complete answer to appellants' contention will be found in the case of Bonner v. Ogilvie, 24 Tex.Civ.App. 237, 58 S.W. 1027. See also Henderson v. Shell Oil Co., Tex.Civ.App., 179 S.W.2d 386.

By points 23, 24 and 25, appellants complain of certain misconduct of the jury and by point 26 they complain that the verdict of the jury is excessive. All of these points of error are grouped for argument. We find the record in such condition that we are unable to give any consideration to points 23, 24 and 25. While appellants complained in their amended motion for new trial of certain acts which they contend was misconduct on the part of the jury, we have no statement of facts to show what evidence appellants presented to the court in support of their allegations. In the court's order overruling said amended motion it is recited, "And the court having heard the evidence and the argument of counsel thereon, and being of the opinion that said motion and each and every ground thereof, should be overruled; it is accordingly * * * ordered * * * that the amended motion for a new trial * * * be and the same is hereby in all things overruled and refused * * *." It, therefore, follows the presumption that the evidence sustained the court's ruling must prevail. The fact that the amended motion for a new trial had attached an affidavit thereto from one of the jurors to the effect that the jury retired to deliberate on their verdict and disregarded the court's instructions and decided to give the minor, for the loss of his mother, a good college education and did not limit the education which he would receive at college to his minority nor the expenses which he should need to complete the college education, was not sufficient to authorize the court in granting such motion. A motion for a new trial upon the ground of jury misconduct will always be denied if supported only by the affidavit of jurors. See 31 Tex.Jur., Section 137, p. 147; Hoffman v. Korp & Murray Tool Co., Tex.Civ. App., 251 S.W. 823; Security Benefit Ass'n v. Tucker, Tex.Civ.App., 111 S.W.2d 333; Holmes v. Lawrence, Tex.Civ.App., 118 S.W.2d 900; Gulf Production Co. v. Granger, 122 Tex. 303, 55 S.W.2d 531; 3 Tex. Jur., Section 353, p. 504.

We also overrule the appellants' contention that the verdict in favor of Stanley Weil was excessive. The record discloses that Stanley Weil was a boy 14 years of age, that his mother was his sole support, that his mother and father were separated and that he had spent his entire life with his mother, from whom he received advice, counsel, care and his means of support and education. We are unwilling to say that the sum of $7,500 exceeds the value of the money his mother would have contributed to his support during his minority, the money value of the services she would have rendered him during his minority in the home, and the advice, counsel, care, nurture, education and moral training that she would have rendered him during his minority.

We have given careful consideration to each and all of the points advanced by appellants and finding no reversible error, they are overruled and the judgment of the trial court is affirmed.