NO. 07-09-00235-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 22, 2010

---

IN THE MATTER OF THE GUARDIANSHIP OF LOYCE
JUANITA PARKER, AN INCAPACITATED PERSON

---

FROM THE 46TH DISTRICT COURT OF WILBARGER COUNTY;

NO. 24,438; HONORABLE DAN MIKE BIRD, JUDGE

---

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**OPINION**

Loyce Juanita Parker's daughter Linda S. Jones was appointed guardian of her mother's person and estate by the district court of Wilbarger County, Texas. Mrs. Parker's son Alvin Edward Parker, Jr. (Parker) later was appointed guardian of their mother's person and estate by an Oklahoma district court. Parker sought to domesticate the Oklahoma order in Texas under the Uniform Enforcement of Foreign Judgments Act, and the Wilbarger County district court denied it full faith and credit. Parker appeals. We will affirm the trial court's order.

## Background

This is the second appeal to this Court arising from the Wilbarger County guardianship proceeding. In the first appeal, we affirmed in 2008 the court's order appointing Jones guardian.[1] Background facts beyond those discussed here may be gleaned from our 2008 opinion.

Germane to the present appeal, Jones was appointed permanent guardian of Mrs. Parker's person and estate by the March 8, 2007, order of the 46th Judicial District Court of Wilbarger County, Texas (the trial court). Parker obtained appointment as guardian of Mrs. Parker's person and estate through the June 7, 2007, order of the district court of Jefferson County, Oklahoma.[2] Jones unsuccessfully appealed Parker's appointment.

---

[1] *See In re Parker,* 275 S.W.3d 623 (Tex.App.--Amarillo 2008, no pet.) (affirming Texas guardianship order). Issues pertaining to the guardianship of Mrs. Parker have been litigated by her family in other proceedings. *See In re Alvin Edward Parker, Jr.,* No. 07-09-0143-CV, 2009 Tex. App. Lexis 3954 (Tex.App.--Amarillo May 12, 2009, orig. proceeding) (mem. op.) (dismissing Parker's petition for writ of prohibition for want of jurisdiction); *Jones v. Parker* (*In re Guardianship of Parker*), 2008 OK CIV APP 62, 189 P.3d 730 (certiorari denied and opinion accorded precedential value, May 19, 2008) (affirming Oklahoma guardianship order); *Parker v. Jones,* No. CIV-09-0940-HE, 2009 U.S. Dist. Lexis 102195 (W.D. Okla. Nov. 2, 2009) (dismissing Parker's complaints against Jones in part for want of subject matter jurisdiction and in part for failure to state a claim on which relief could be granted).

[2] We sometimes refer to the order of the trial court appointing Jones permanent guardian of the person and estate of Mrs. Parker as the "Texas order," and the order of the Jefferson County, Oklahoma district court appointing Parker permanent guardian of the person and estate of Mrs. Parker as the "Oklahoma order."

Parker then sought enforcement of the Oklahoma order in the trial court under the Uniform Enforcement of Foreign Judgments Act (UEFJA).[3] Jones answered and sought vacation of the Oklahoma order in Texas. After a hearing, the trial court ordered the Oklahoma order vacated and "of no consequence or effect in the State of Texas."

The trial court's order denying enforcement to the Oklahoma order contains lengthy findings of fact and conclusions of law.[4] Among others, the trial court found Jones applied for guardianship of Mrs. Parker in Wilbarger County on December 1, 2006. On the same date, an attorney ad litem was appointed for Mrs. Parker. Also on that date, Mrs. Parker received personal service of the suit by citation at an assisted living center in Vernon, Texas, at which she was then living. Parker filed an answer in opposition to Jones's application on December 15. The following day, he removed Mrs. Parker from the assisted living center in Vernon and took her to Oklahoma. Parker obtained a special (temporary) guardianship in the district court of Jefferson County, Oklahoma on December 19.[5] He applied for guardianship of Mrs. Parker in Jefferson County on December 21 and in Wilbarger County on December 27. On January 9, 2007, the trial court appointed Jones temporary guardian of Mrs. Parker. Parker non-suited his contest of Jones's application and his application for appointment in Wilbarger

---

[3] Tex. Civ. Prac. & Rem. Code Ann. §§ 35.001--.008 (Vernon 2008).

[4] Because the trial court did not file findings of fact and conclusions of law in a separate document, we give effect to the findings in the judgment. *See Hill v. Hill,* 971 S.W.2d 153, 157 (Tex.App.--Amarillo 1998, no pet.) (under Rule of Civil Procedure 299a, findings contained in judgment lack authority only to extent of conflict with those in separate document). *See also Carter v. Cookie Coleman Cattle Co.,* 271 S.W.3d 856, 859 (Tex.App.--Amarillo 2008, no pet.).

[5] *See* Okla. Stat. tit. 30, § 3-115(F) (Lexis 2010) (duration of special guardianship is from date of appointment until guardian is appointed or thirty days, whichever is less).

County on February 8. The trial court appointed Jones guardian of Mrs. Parker's person and estate on March 8. Mrs. Parker filed a notice of appeal through an attorney retained by Parker. The Jefferson County district court appointed Parker guardian of Mrs. Parker's person and estate by order of June 7. This order was affirmed by the Oklahoma Court of Civil Appeals and certiorari was denied by the Supreme Court of Oklahoma. In a conclusion of law, the trial court concluded recognizing the Oklahoma order in Texas would involve an improper interference with important interests of Texas.

Analysis

Standard of Review

A motion contesting enforcement of the judgment of a court of a sister state operates as a motion for new trial. *Karstetter v. Voss,* 184 S.W.3d 396, 401 (Tex.App.--Dallas 2006, no pet.). A trial court has broad discretion in ruling on such a motion, and we may not disturb its ruling absent manifest abuse of discretion. *Id.* at 402. A trial court abuses its discretion when it acts without reference to any guiding rules or principles or acts arbitrarily or unreasonably under the circumstances. *See id.* Because our disposition of the present matter chiefly turns on the application of law to uncontested facts, we add that a trial court has no "discretion" to improperly determine the law or misapply the law to the facts. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

We first consider Parker's argument that the trial court erred in denying the Oklahoma order full faith and credit because the Texas order appointing Jones guardian is void. Parker contends the trial court did not have personal jurisdiction of Mrs. Parker

4

when it rendered the Texas order, nor did it possess jurisdiction of the estate of Mrs. Parker.

"[A] judgment is void when it is apparent that the court rendering judgment had no jurisdiction of the subject matter, no jurisdiction of the parties, no jurisdiction to enter the judgment, or no capacity to act as a court." *Garza v. Maverick Market, Inc.,* 768 S.W.2d 273, 279 (Tex. 1989) (citing *Cook v. Cameron,* 733 S.W.2d 137, 140 (Tex. 1987)).

In our 2008 opinion, we overruled Mrs. Parker's issue challenging the trial court's exercise of personal jurisdiction. 275 S.W.3d at 628. Our prior disposition of the jurisdictional issue is now the law of the case in this proceeding. According to the law of the case doctrine, the decision of a court of last resort on a question of law will govern a case throughout its subsequent stages. *Hudson v. Wakefield,* 711 S.W.2d 628, 630 445 (Tex. 1986). The decision of an intermediate appellate court does not preclude re-consideration of the same issue on a second appeal, *Briscoe v. Goodmark Corp.,* 102 S.W.3d 714, 716 (Tex. 2003), and the doctrine manifestly does not require the appellate court to adhere to an original ruling that was clearly erroneous. *Id. See also City of Houston v. Jackson,* 192 S.W.3d 764, 769 (Tex. 2006). But nothing in this record demonstrates our 2008 conclusion that the trial court possessed personal jurisdiction of Mrs. Parker was erroneous.[6]

---

[6] As we noted in 2008, evidence before the trial court showed Mrs. Parker had resided at the assisted living center Alterra Sterling House in Vernon since June 23, 2006 at the time she was served with citation there on December 1, 2006. 275 S.W.3d

Also in 2008, we overruled Mrs. Parker's issue that the trial court could not appoint a guardian of her estate because she possessed no property in Texas. 275 S.W.3d at 633. Parker now argues the Texas order is void because the trial court did not acquire jurisdiction of Mrs. Parker's estate. As authority for his argument, Parker cites Probate Code § 684(a)(3), which provides before a court appoints a guardian it must find by clear and convincing evidence that "the rights of the proposed ward or the proposed ward's property will be protected by the appointment of a guardian." Tex. Prob. Code Ann. § 684(a)(3) (Vernon 2003). Parker emphasizes that Mrs. Parker's property is held in trust. The argument ignores the guardian's inventory Jones filed in the trial court listing property not held by the trustee, that being the personal property Mrs. Parker had with her at the assisted living center in Vernon, and her social security payments. That her property not held by the trustee is not of great value might have been a factor to be taken into account in the determination whether appointment of a guardian of her estate was necessary, but it did not deprive the trial court of jurisdiction to appoint a guardian of the estate.[7]

at 626, 627 n.1. According to Parker's brief in this appeal, Mrs. Parker currently resides at Alterra Sterling House.

[7] Parker further relies on a statement in *In re B.A.G.*, "if a court has not acquired jurisdiction of both the parties and the subject matter of the litigation, the judgment is void and is subject to both direct and collateral attack." 794 S.W.2d 510, 511-12 (Tex.App.--Corpus Christi 1990, no pet.). In his reliance on the statement from *B.A.G.*, Parker confuses the jurisdictional requisite of a court's capacity to hear a particular case with its power to bind a party. *See CSR Ltd. v. Link,* 925 S.W.2d 591, 594 (Tex. 1996) ("subject matter jurisdiction refers to the court's power to hear a particular type of suit, personal jurisdiction concerns the court's power to bind a particular person or party"). Here, the trial court heard the contested guardianship proceeding after its transfer from the Wilbarger County Court. As the transferee court, the trial court heard the contested matters as if originally filed in that court. Tex. Prob. Code Ann. § 606(b)(2) (Vernon

Parker further contends because the Texas order is void, he was denied due process of law under the Fourteenth Amendment to the United States Constitution. Because the Texas order is not void, discussion of this issue is unnecessary to the disposition of the case. *See* Tex. R. App. P. 47.1.

We turn now to the essence of Parker's complaint, that by denying enforcement of the Oklahoma order, the trial court violated its obligations under the Full Faith and Credit Clause of the United States Constitution, which requires each state give full faith and credit to the public acts, records, and judicial proceedings of every other state. U.S. Const. art. IV, § 1; *see Bard v. Charles R. Myers Ins. Agency, Inc.,* 839 S.W.2d 791, 794 (Tex. 1992); *Reading & Bates Constr. Co. v. Baker Energy Resources Corp.,* 976 S.W.2d 702, 712 (Tex.App.--Houston [1st Dist.] 1998, pet. denied) (applying Full Faith and Credit Clause).

Under the UEFJA, "[a] filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed." Tex. Civ. Prac. & Rem. Code Ann § 35.003(c) (Vernon 2008). The UEFJA defines "foreign judgment" as "a judgment, decree, or order of a court of the United States or of any other court that is entitled to full faith and credit in this state." Tex. Civ. Prac. & Rem. Code Ann. § 35.001 (Vernon 2008). A party seeking enforcement under the UEFJA of a sister state's judgment assumes the initial burden of presenting a judgment that appears on its face to be final, valid, and subsisting. *Russo v. Dear,* 105 S.W.3d 43, 46

Supp. 2010). The trial court had the statutorily-granted power to hear the contested guardianship proceeding.

7

(Tex.App.--Dallas 2003, pet. denied). The burden then shifts to the party resisting enforcement in the forum state to prove by clear and convincing evidence that the foreign judgment is not entitled to full faith and credit. *Mindis Metals, Inc. v. Oilfield Motor & Control, Inc.,* 132 S.W.3d 477, 484 (Tex. App.--Houston [14th Dist.] 2004, pet. denied). In her motion to vacate, Jones argued recognition of the Oklahoma order in Texas would involve an improper interference with important interests of Texas.

There no longer is any dispute that Mrs. Parker is incapacitated, or that appointment of a guardian for her was appropriate.[8] What is in dispute is who should serve as guardian. Clearly, through his effort to domesticate the Oklahoma order, Parker attempts to enforce his appointment, in Texas, as guardian for his mother, in place of the guardian currently serving under the Texas court's supervision. We agree with Jones that enforcement of the Oklahoma order in that manner would involve an improper interference with important interests of Texas, and so is not required by the Full Faith and Credit Clause. *Reading & Bates,* 976 S.W.2d at 713.

A sister state judgment filed in Texas in compliance with the UEFJA becomes enforceable as a Texas judgment. *Reading & Bates,* 976 S.W.2d at 712 (citing *Walnut Equip. Leasing Co. v. Wu,* 920 S.W.2d 285, 286 (Tex. 1996)). But the requirement of full faith and credit "does not mean that States must adopt the practices of other States regarding the time, manner, and mechanisms for enforcing judgments. Enforcement measures do not travel with the sister state judgment as preclusive effects do; such measures remain subject to the even-handed control of forum law." *Baker by Thomas*

---

[8] Both those issues were disputed in the 2008 appeal. 275 S.W.3d at 630-632.

*v. General Motors*, 522 U.S. 222, 235, 118 S.Ct. 657, 665, 139 L.Ed.2d 580 (1998) (citations omitted). Here, Parker does not merely seek recognition of a preclusive effect of the Oklahoma order, he seeks its enforcement by his substitution as guardian in place of Jones. The effective result of the Texas court's denial of domestication of the Oklahoma order simply was its choice to retain as guardian the person the Texas court previously had appointed.[9]

As a general rule a sister state is not required by full faith and credit to enforce a judicial action that is subject to modification under the law of the rendering state. *Reading & Bates,* 976 S.W.2d at 713 (citing *Bard,* 839 S.W.2d at 794); *see In re Guardianship of Replogle,* 164 Ohio App.3d 54, 2005-Ohio-5530, 841 N.E.2d 330, 334 ("Because a guardianship order is obviously modifiable in the rendering state, it is necessarily modifiable in the forum state").[10] Under the Oklahoma and Texas guardianship statutes, the appointment of a guardian is subject to modification. Okla. Stat. tit. 30, § 1-114 (Lexis 2010) (general powers of the court); Tex. Prob. Code Ann. § 761 (Vernon Supp. 2010) (removal).

---

[9] As noted, Parker made application for appointment as guardian in Texas, in opposition to Jones's application, but later non-suited his application.

[10] *See also* Charlene D. Daniel and Paula L. Hannaford, "Creating the 'Portable' Guardianship: Legal and Practical Implications of Probate Court Cooperation in Interstate Guardianship Cases," 13 Quinnipiac Prob. Law Jour. 351, 355 n.14 (1999) where the authors saliently observe "[p]rinciples of full faith and credit had never worked particularly well in the context of guardianship cases for the simple reason that any court order that remained subject to modification in the jurisdiction from which the order was issued could also be modified by a sister state exercising proper jurisdiction."

More importantly, however, Texas has adopted specific provisions of its guardianship statutes that provide for acceptance and full faith and credit by a Texas court of a foreign guardianship. *See* Tex. Prob. Code Ann. § 892 (Vernon 2003) (entitled receipt and acceptance of foreign guardianship).[11] In attempting enforcement of the Oklahoma guardianship through the UEFJA, Parker ignores these provisions of Texas guardianship law. Section 892 contains guidance for Texas courts reviewing an application for receipt and acceptance of a foreign guardianship, and provides that such an application shall be granted if the court finds the transfer to be in the best interests of the ward. In granting the application, "the court shall give full faith and credit to the provisions of the foreign guardianship order concerning the determination of the ward's incapacity and the rights, powers, and duties of the guardian." Tex. Prob. Code Ann. § 892(f) (Vernon 2003). Parker does not cite, and we have not found, a reported case of enforcement of a foreign guardianship in the manner here attempted through the UEFJA.[12] We do not believe full faith and credit requires the acceptance of an enforcement mechanism of Parker's choosing over that expressly provided by Texas statutory provisions.[13] For this reason, we conclude the trial court was not required to

---

[11] C*f.* Tex. Prob. Code Ann. § 891 (Vernon 2003) (providing for transfer of a Texas guardianship to a court in a foreign jurisdiction).

[12] *See, e.g., Grant County Dept. of Social Servs. v. Unified Board of Grant and Iowa Counties* (*In re Guardianship of Jane E.P.*), 2005 WI 106, 283 Wis. 2d 258, 700 N.W.2d 863 (Wis. 2005) (addressing interstate guardianships).

[13] Citing Restatement (Second) of Conflicts of Laws § 114, and the fact this court's mandate following our 2008 opinion was issued after the Oklahoma Supreme Court affirmed the Oklahoma order, Jones contends also that the Texas order was the "last in time," and thus controls over the Oklahoma order. We do not address this contention.

enforce the Oklahoma court's choice of Parker as guardian over its own appointment of Jones.[14]

Parker appends to the discussion of this issue an argument that the trial court impermissibly has reached beyond the borders of Texas to vacate the judgment of a sister state. A state may not demand its laws have effect beyond the limits of its sovereignty. *Gannon v. Payne,* 706 S.W.2d 304, 306 (Tex. 1986). But the trial court denied enforcement of the Oklahoma order only in Texas. Its language does not purport to enjoin the function of the courts of Oklahoma.

Conclusion

Finding the trial court did not err in denying the Oklahoma order full faith and credit and enforcement under the UEFJA, we affirm the order of the trial court.


James T. Campbell
Justice

---

[14] Parker's argument includes a contention the Oklahoma order is "res judicata," or acts as a complete bar to any defense of Jones to recognition of the Oklahoma order in Texas. The contention is founded on Parker's assertion the Texas order is void. To any extent the contention is presented as a separate appellate issue, and assuming without deciding that it is preserved for appellate review, we overrule the issue because the Texas order is not void. To the extent the contention is presented as an additional reason the Oklahoma order is entitled to full faith and credit in Texas, it is adequately addressed by our discussion of that issue.

11