In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-12-00332-CV
_____

### IN RE BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC

**Original Proceeding**

### OPINION

In this mandamus proceeding, Bridgestone Americas Tire Operations, LLC argues that this lawsuit should have been filed in Mexico, not Texas. The trial court denied Bridgestone's motion to dismiss. The case involves a personal injury lawsuit resulting from a SUV rollover accident that occurred in Mexico. Two of the occupants in the SUV suffered fatal injuries, and two minors in the SUV were injured. All of the persons involved in the collision were Mexican citizens.

After representatives of the occupants of the SUV filed suit in Texas, Bridgestone filed a motion to dismiss, arguing that the State of Texas is an inappropriate forum to litigate the case. After the trial court denied Bridgestone's motion, Bridgestone filed a

petition for writ of mandamus, asking that we require the trial court to grant its motion to dismiss.

The adult-occupants of the SUV involved in the June 2009 accident, a married couple named Maria Isabel Rodriguez and Armando Alvarado, were fatally injured in the accident. Their minor children, Elian Alvarado Rodriguez, who was approximately two years old when the accident occurred, and Diego Alvarado Rodriguez, who was approximately nine years old, suffered serious injuries. The children's uncle, Gilberto Rodriguez, a Texas resident, filed suit in Hidalgo County, Texas, individually, on behalf of Maria's and Armando's wrongful death beneficiaries, and as the next friend of Elian and Diego.

Bridgestone's motion asked the trial court to dismiss the case based on section 71.051 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 71.051 (West 2008). Section 71.051(e), with some exceptions, allows a trial court to dismiss personal injury and wrongful death suits on pleas that assert a claim of *forum non conveniens*[1] when none of the plaintiffs who are properly joined in a suit are citizens of the State of Texas. *Id.* § 71.051(b), (e). However, when a legal Texas resident is one of

---

[1]"*Forum non conveniens*" is "the doctrine that an inappropriate forum, even though competent under the law, may be divested of jurisdiction if, for the convenience of the litigants and the witnesses, it appears that the action should be instituted in another forum in which the action might originally have been brought." Bryan A. Garner, *A Dictionary of Modern Legal Usage* 373 (2d ed. 1995).

the properly joined plaintiffs, the provisions of section 71.051(e) prohibit the trial court from ordering the lawsuit to be dismissed. *Id.*

Because we conclude that Gilberto is a Texas citizen and he is a properly joined plaintiff under the statute that governs the dismissal of cases on the ground of *forum non conveniens*, we hold that Bridgestone has not demonstrated the trial court's refusal to dismiss amounts to an abuse of discretion. Accordingly, we deny Bridgestone's petition.

## Standard of Review

The Civil Practice and Remedies Code provides the standards that govern the doctrine of *forum non conveniens* for trial courts in wrongful death cases. *Id.* § 71.051. Under the provisions of that statute, if, on a party's written motion, the trial court finds "that in the interest of justice and for the convenience of the parties a claim or action to which this section applies would be more properly heard in a forum outside this state, the court shall decline to exercise jurisdiction [] and shall stay or dismiss the claim or action." *Id.* § 71.051(b).[2]

---

[2]The non-exhaustive list of statutory factors trial courts are to consider in deciding a motion to dismiss under the statute include whether:

> (1) an alternate forum exists in which the claim or action may be tried;
> (2) the alternate forum provides an adequate remedy;
> (3) maintenance of the claim or action in the courts of this state would work a substantial injustice to the moving party;
> (4) the alternate forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all the defendants properly joined to the plaintiff's claim;
> (5) the balance of the private interests of the parties and the public interest of the state predominate in favor of the claim

3

If an appeal is an inadequate remedy, a trial court's decision on a motion alleging that a forum is inappropriate may be challenged by writ of mandamus. *See In re ENSCO Offshore Int'l Co.*, 311 S.W.3d 921, 923 (Tex. 2010). On appeal, a trial court's ruling in response to a motion alleging the forum is inappropriate is reviewed for abuse of discretion. *See id.* A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding principles. *See In re Gen. Elec. Co.*, 271 S.W.3d 681, 685 (Tex. 2008).

Application of Law to Facts

In some circumstances, the Legislature has authorized trial courts to dismiss cases brought by plaintiffs who are not legal residents of the United States. *See* Tex. Civ. Prac. & Rem. Code Ann. § 71.051(b) (allowing dismissal "in the interest of justice and for the convenience of the parties"). However, the Legislature has prohibited a trial court's discretion to order a dismissal if one of the plaintiffs is a legal resident of Texas and is "properly joined in the action and the action arose out of a single occurrence." *Id.* § 71.051(e).

---

or action being brought in an alternate forum, which shall include consideration of the extent to which an injury or death resulted from acts or omissions that occurred in this state; and (6) the stay or dismissal would not result in unreasonable duplication or proliferation of litigation.

Tex. Civ. Prac. & Rem. Code Ann. § 71.051(b) (West 2008).

Bridgestone does not argue that the cause of action for which it was sued did not arise out of a single occurrence.[3] Instead, Bridgestone argues that the trial court could not properly appoint Gilberto as the minors' next friend because they have legal guardians, and it contends that the minors' residence, not Gilberto's, should be used to determine whether Texas is an appropriate forum. According to Bridgestone, the trial court could not appoint a next friend under Texas law because, under Mexican law, the minors have legal guardians—their grandparents. Bridgestone also contends that under the laws of Mexico, the grandparents' obligations are not assignable.

The parties do not dispute that upon the deaths of the minors' parents, the minors' grandparents, under Mexican law, became their guardians. According to Gilberto, the minors' maternal grandparents authorized him to act as the minors' next friend by signing a document referenced by both parties as a "Mandato."[4]

Under the laws of Mexico's State of Nuevo León, it appears it is not necessary for a grandparent to obtain an order from a court appointing the grandparent to act on a minor's behalf when both parents have died. In the trial court, Bridgestone relied on the

[3]The evidence before the trial court did not address whether Gilberto was the personal representative for either Maria's or Armando's estates; however, Bridgestone does not attack the trial court's ruling on that basis either.

[4]The "Mandato" in the record before us contains no signatures, is written in Spanish, and we have not been provided with an English translation. Bridgestone refers to the document as a "Mexican power of attorney," and Bridgestone does not contend the document was not signed. In light of our resolution of whether Gilberto could act as the minors' next friend, it is not necessary that we address the parties' arguments concerning whether the maternal grandparents could assign any of their rights or responsibilities under Mexican law.

5

expert opinion of an attorney from Mexico; the attorney explained that under Mexican law, the grandparents automatically become the minors' guardians upon the death of the minors' parents.[5] According to this expert, the duties of the grandparents, under these circumstances, are imposed on the grandparents by statute and they arise automatically, unless the surviving grandparents are excused from their obligations by a court of competent jurisdiction in Mexico. In summary, under the law of Mexico, due to their familial relationship, the grandparents for all practical purposes became the minors' guardians on the death of both parents.

In contrast, under Texas law, when both parents have died and the last surviving parent has not appointed a legal guardian for a child, the Texas Probate Code requires a court to appoint a guardian. *See* Tex. Prob. Code Ann. § 676(c) (West 2003) (providing for appointment for orphans). Additionally, "one ascendant shall be appointed, according to circumstances and considering the best interests of the minor[.]" *Id*. § 676(c)(2). Other provisions of the Probate Code apply if there are no ascendants in the direct line, if no relative of the minor is eligible, or if the last surviving parent has chosen an eligible person to be the minor's guardian. *Id*. § 676 (c)(3)-(4), (d) (West 2003). If a minor has no legal guardian, Rule 44 of the Texas Rules of Civil Procedure authorizes a trial court to

---

[5]The expert cited Articles 414, 415, and 425 of the Civil Code of Nuevo León. A Spanish-language copy of Articles 410 through 503 of this Code appears in the mandamus record, but the parties have not provided a cite to the mandamus record that shows the trial court had an English-language copy of these laws.

6

appoint a next friend. Tex. R. Civ. P. 44. In this case, there is no evidence that a court, either in Mexico or in Texas, has acted to appoint a legal guardian for the minors.

The term "guardian" is not defined in the Texas Rules of Civil Procedure. Nevertheless, under the Texas Probate Code, the term "'[g]uardian' means a person who is appointed guardian under Section 693 of this code, or a temporary or successor guardian." Tex. Prob. Code Ann. §§ 601(11), 693 (West Supp. 2012). Other provisions in the Probate Code allow a court to appoint a nonresident guardian to be the guardian of a nonresident minor's estate in this state. *See* Tex. Prob. Code Ann. § 881 (West 2003). If a guardian appointed in a foreign jurisdiction obtains letters of guardianship through the nonresident guardianship provisions provided by the Texas Probate Code, the Texas court can appoint the guardian from the foreign jurisdiction to act for the nonresident ward. *See* Tex. Prob. Code Ann. § 881(c). If appointed, the clerk is authorized to give the nonresident guardian letters of guardianship. *See id.*[6]

Whether a Texas trial court may appoint a next friend when the minor has a nonresident guardian if no Texas court has appointed that nonresident guardian to act for the ward is not an issue of first impression. Based on our review, every court considering whether a trial court could appoint a next friend under such a circumstance has held that without letters of guardianship issued by a Texas court, the trial court had the right to

---

[6]This construction is consistent with other provisions in the Wrongful Death Act. A foreign representative of an estate does not need to apply for ancillary letters testamentary to prosecute a wrongful death and survival action, provided the foreign will has been filed and recorded here. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 71.012, 71.022 (West 2008); *see also* Tex. Prob. Code Ann. § 95 (West Supp. 2012).

7

appoint a next friend to represent the minor. *See Herrin v. Falcon*, 198 S.W.2d 117, 121-22 (Tex. Civ. App.—Beaumont 1946, writ ref'd n.r.e.) (relying on Rule 44); *Henderson v. Shell Oil Co., Inc.*, 179 S.W.2d 386, 388 (Tex. Civ. App.—Fort Worth) (relying on Rule 44), *reversed and dismissed*, 182 S.W.2d 994 (Tex. 1944); *see also Bonner v. Ogilvie*, 58 S.W. 1027 (Tex. Civ. App. 1900, no writ) (relying on recognized practices).

*Bonner* is a case that predates the adoption of the Texas Rules of Civil Procedure. 58 S.W. at 1027. After filing suit, the plaintiff, Ogilvie, died intestate without an administration. *Id.* at 1028. Ogilvie's widow, after being appointed the guardian of her minor child's person and estate by a Louisiana court, filed a suit individually and in her capacity as the minor's guardian. *Id.* Ogilvie's widow, acting for herself and her minor son, prosecuted a suit in Texas, seeking to recover some land that she claimed had belonged to her husband. *Id.* After judgment, the defendant challenged the widow's capacity to recover her son's interest in the land. *Id.* The Court held that as the mother and natural guardian of her minor son, Ogilvie's widow was a proper person to protect her minor son's interests and a proper person to sue as his next friend. *Id.* The court reasoned that while her appointment in Louisiana had not authorized her to sue in Texas on her son's behalf, she could sue in this State as her son's next friend. *Id.* The court explained,

> [h]er appointment as legal guardian in Louisiana would not give her authority to sue as such guardian in Texas, but it would not deprive her of the power to sue in this state as next friend, where it was necessary to do so,

8

and where she was permitted to do so by the court in which the suit was brought.

*Id.* Thus, before the adoption of the Texas Rules of Civil Procedure, a guardian appointed in another state was not automatically recognized as the minor's legal guardian in Texas courts, but could be allowed by the court to appear on the child's behalf as a next friend.

The cases addressing this issue after the adoption of the Rules of Civil Procedure all reach a similar result. In *Henderson,* a Missouri court had appointed an adult as guardian of a person who resided in Missouri and owned 220 acres of oil-producing land in Texas. 179 S.W.2d at 386. The guardianship was required because the Missouri resident was incompetent. *Id.* Acting as the incompetent person's next friend, the Missouri guardian filed suit in Texas to set aside an oil and gas lease and a sale of a mineral interest. *Id.* Finding that the Missouri guardian was not a suitable person to act as next friend, the trial court removed the Missouri guardian as next friend and appointed another person for that case to act on the ward's behalf. *Id.* at 387-88. On appeal from the order removing the Missouri guardian as next friend, the Fort Worth Court of Civil Appeals noted that an administrator is the agent solely of the court appointing him, and that his authority extends only to assets within the jurisdiction of the appointing court. *Id.* at 388. The court held the trial court had the discretion to remove the Missouri guardian as a next friend and to appoint another person. *Id.* at 389. On writ of error, the Supreme Court held that the trial court's order was interlocutory, reversed the judgment of the Court of Civil Appeals, and dismissed the appeal. *Henderson,* 182 S.W.2d at 995-96.

9

In 1946, the Beaumont Court of Civil Appeals addressed whether Rule 44 allowed the appointment of a next friend to act for a minor when a court in Louisiana had previously appointed a guardian. *See Herrin*, 198 S.W.2d at 121-22. In *Herrin*, the minor's father filed a suit on behalf of his son seeking to recover damages from the son's mother's death. *Id.* at 118, 121. Although the minor's father had been appointed to be the minor's guardian in Louisiana, the minor's father had not filed the ancillary guardianship proceedings in Texas to be appointed the minor's legal guardian in Texas. *Id.* at 121-22. After the minor obtained a judgment in his favor at trial, the defendant appealed, arguing that Rule 44 did not allow the trial court to appoint a next friend because as a nonresident guardian, the minor's father was required to comply with the Probate Code provisions and be appointed the child's guardian in Texas to act on his behalf. *Id.* at 122. We rejected the appellant's arguments, stating "Rule 44, Texas Rules of Civil Procedure, provides in effect that minors who have no legal guardian may sue and be represented by next friend." *Id.* at 122.

More recently, the Amarillo Court of Appeals held that a Texas court was not required to allow a guardian, appointed by a court in another state, to act as her ward's guardian with respect to a matter pending in Texas. *See In re Guardianship of Parker*, 329 S.W.3d 97, 103 (Tex. App.—Amarillo 2010, pet. denied) (concluding that "the trial court was not required to enforce the Oklahoma court's choice of Parker as guardian over its own appointment of Jones"). In summary, we have not located any authority in the

case law supporting the proposition that a trial court cannot utilize Rule 44 to appoint a representative in the circumstances similar to those present in this case; moreover, Bridgestone has not cited any cases requiring a Texas court to recognize a foreign guardianship, particularly when the guardianship arises at law rather than by court appointment.

In this case, the minors' maternal grandparents have not shown that they have complied with the procedures in the Texas Probate Code that allow non-resident guardians of non-resident wards to obtain letters of guardianship in Texas, nor have they shown that a Texas court has accepted their guardianship established in Mexico, which is apparently established by virtue of the operation of statutes that exist in the State of Nuevo León. *See* Tex. Prob. Code Ann. § 881 § 892 (West Supp. 2012). On this record, the trial court properly concluded that the minors had no legal guardian in Texas; therefore, the trial court could appoint a next friend based on the provisions of Rule 44 of the Texas Rules of Civil Procedure. *Herrin*, 198 S.W.2d at 121-22.

In light of our holding that the trial court could authorize Gilberto to act as the minors' next friend, we must now decide whether the trial court abused its discretion in considering him to be a properly joined "plaintiff," as that term is defined by the statute that governs motions to dismiss on the ground that a Texas forum is inappropriate. *See* Tex. Civ. Prac. & Rem. Code Ann. § 71.051(e), (h)(2). In determining the meaning of a statute, we rely on the common meaning of the words chosen by the Legislature. *Traxler*

11

*v. Entergy Gulf States, Inc.*, 55 Tex. Sup. Ct. J. 431, 2012 WL 753682, at \*4 (Tex. Mar. 9, 2012). Section 71.051(h)(2) defines who qualifies as a plaintiff in a case in which a party is seeking recovery on a wrongful death claim to mean "a party seeking recovery of damages for personal injury or wrongful death." Tex. Civ. Prac. & Rem. Code Ann. § 71.051(h)(2). This same provision goes on to provide that the term "'plaintiff'" includes both that other person and the party seeking such recovery." *Id.* The statute contains several exceptions regarding who can be considered a "plaintiff" for purposes of a particular suit, and one provision of subsection (h) expressly prohibits a court from considering a representative to be a plaintiff if the representative has accepted "an appointment as a personal representative in a wrongful death action, in bad faith for purposes of affecting in any way the application of this section." *Id.* Nevertheless, the provision is also clear that the term "plaintiff" was intended by the Legislature to include a next friend who did not accept the appointment of next friend in bad faith.

In the case before us, the trial court did not make findings of fact, nor did any of the parties request that it do so. Therefore, because the trial court denied the motion to dismiss, we imply that the trial court found that Gilberto had not become the minors' next friend in bad faith for the purposes of affecting the application of section 71.051.

Relying on *Gracia v. RC Cola-7-Up Bottling Co.*, Bridgestone argues that the trial court could consider only the citizenship of the children in evaluating who were properly joined plaintiffs, and that it should not have considered the citizenship of the minors' next

friend. 667 S.W.2d 517, 519 (Tex. 1984). However, the question the Texas Supreme Court considered in *Gracia* was whether a child's mother, who had acted as her daughter's next friend, was barred from suing in her individual capacity because she had filed an earlier suit on her daughter's behalf and as her daughter's next friend over the same accident. *Id*. at 518-19. The litigation did not concern the application of section 71.051, as this provision did not then exist. In *Gracia*, the Texas Supreme Court held that the real party plaintiff in that situation was the child and not the next friend. *Id*. at 519. Thus, *Gracia* is not controlling because it did not involve the statutory definition of the term "plaintiff" which is at issue here.

In its motion to dismiss, Bridgestone also argued that the term "personal representative" under section 71.051(h)(2) was intended to mean a person formally appointed by a court, not a next friend. While the term "personal representative" is not defined in Chapter 71 of the Texas Civil Practice and Remedies Code, the Guardianship Code provides a definition that is used in guardianship proceedings, another statutory proceeding created to protect the rights of minors. *Compare* Tex. Prob. Code Ann. § 601(23) (West Supp. 2012), *with* Tex. Civ. Prac. & Rem. Code Ann. § 71.001 (West 2008).

Under the Guardianship Code, "'Personal representative' or 'representative' includes a guardian, and a successor guardian." Tex. Prob. Code Ann. § 601(23). By stating that a personal representative *includes* a guardian and successor guardian, the

13

Legislature utilized inclusive language; it did not state that personal representatives did not include persons such as next friends who courts may authorize to act on a minor's behalf by court order. Given the inclusive language used in the Guardianship Code to define the term "personal representative," we cannot conclude that the Legislature intended to limit the meaning of the term "personal representative" to those persons formally named as guardians or successor guardians. *Compare* Tex. Prob. Code Ann. § 601(23), *with* § 601(11) ("'Guardian' means a person who is appointed guardian under Section 693 of this code, or a temporary or successor guardian. Except as expressly provided otherwise, 'guardian' includes the guardian of the estate and the guardian of the person of an incapacitated person.").

Bridgestone also argues that allowing courts to appoint next friends to act for minors allows parties to recruit Texas residents to create jurisdiction. But, section 71.051(h)(2) allows courts to prevent the parties from manipulating the court system in that manner; section 71.051(h)(2) allows a court to determine that the personal representative accepted an appointment in bad faith, thereby preventing the parties from acting for no reason except to allow foreign citizens to pursue suits in Texas courts. *See* Tex. Prac. & Rem. Code Ann. § 71.051(h)(2). Moreover, the trial court did not find that Gilberto had acted in bad faith, and based on the information in the record before us, we

are unable to conclude that the trial court was required to do so.[7] In considering the circumstances of this particular family, as well as their claims, the trial court could have determined that Gilberto accepted the role of next friend for legitimate purposes and not in bad faith. A disputed fact issue resolved by the trial court cannot be challenged in a mandamus proceeding. *See Brady v. Fourteenth Court of Appeals*, 795 S.W.2d 712, 714 (Tex. 1990).

Finally, the wording of section 71.051(h) to require the court to include as a plaintiff a personal representative acting in good faith could not have been inadvertent. As engrossed by the House, the 2003 tort reform legislation would have removed references to legal residents and would have repealed subsection (h). *See* H.J. of Tex., 78th Leg., R.S. 1047 (2003) (available at http://www.legis.state.tx.us/tlodocs/78R/billtext /pdf/HB00004E.pdf#navpanes=0). The Senate version of H.B. 4 retained subsection (h). *See* S.J. of Tex., 78th Leg., R.S. 1765 (2003) (available at http://www.legis.state.tx.us /BillLookup/Text.aspx?LegSess=78R&Bill=HB4). The Senate's version of the statute became law. *See* Tex. Civ. Prac. & Rem. Code Ann. § 71.051. Thus, the *forum non*

---

[7]Bridgestone relied on the post-filing timing of the *mandato* as the sole support for its allegation of bad faith. A defect in capacity is curable and after-acquired capacity will relate back to the inception of the suit. *See Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 851-54 (Tex. 2005). The timing of the execution of the *mandato* is a circumstance that could support an inference that the document was executed to prevent the application of the statute, but the trial court could make other reasonable inferences from the record, as it is possible that the delay in executing a *mandato* occurred because they did not realize that the trial court might favorably consider a *mandato* in deciding whether Gilberto had acted in good faith when acting for the minors.

15

*conveniens* statute reflects a deliberate policy decision to allow courts to decline to exercise jurisdiction in wrongful death cases where the rules for jurisdiction and venue are satisfied, but only in those cases where none of the properly joined "plaintiffs" reside in this State. *Id.* § 71.051(e).

We are not persuaded that the Legislature, by using the term "personal representative" in section 71.051(h), required the trial court to disregard the next friend's citizenship in deciding which persons to consider as properly joined plaintiffs. After determining that Gilberto is a properly joined plaintiff, and that he is a legal Texas resident, the trial court complied with the provisions of section 71.051(e) by denying the motion to dismiss. Because Bridgestone has failed to show the trial court abused its discretion in denying its motion to dismiss, we deny its petition for writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on August 10, 2012
Opinion Delivered November 1, 2012
Before Gaultney, Kreger, and Horton, JJ.

16