## MORGAN v. POTTER.

CERTIFICATE FROM THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 690. Submitted November 19, 1894. — Decided March 18, 1895.

A guardian of an infant, appointed in one State, cannot maintain a suit in the Circuit Court of the United States held within another State, to set aside the appointment or to compel an account of a guardian previously appointed in the latter State, except so far as authorized to do so by its laws.

In a suit by an infant, by his next friend, the infant, and not the next friend, must be made the plaintiff.

THE case is stated in the opinion.

*Mr. T. F. Garver* for appellants.

*Mr. W. H. Rossington, Mr. B. F. Proctor,* and *Mr. Charles Blood Smith* for appellees.

MR. JUSTICE GRAY delivered the opinion of the court.

This was a bill in equity, filed in the Circuit Court of the United States for the District of Kansas, by " J. E. Potter, guardian of Robert Morgan, a resident and citizen of the State of Kentucky and county of Warren, and Sarah Lee Williams, as next friend of said Robert, a resident and citizen of the same county and State," " against Henry Morgan, guardian of

said Robert, and Jacob Campbell and M. A. Arnott, all of whom are residents and citizens of the county of Ottawa and State of Kansas," to set aside the appointment, by a court of the county of Ottawa and State of Kansas, of Henry Morgan as guardian of the estate of Robert, as having been obtained by false and fraudulent representations that Robert's residence was in that county and that his mother consented to the appointment; and to require him to account for the property of his ward, fraudulently omitted in the inventory and accounts filed by him in that court, and to turn over all the ward's property to Potter as his guardian appointed in the county of Warren and State of Kentucky; and to obtain judgment against him, and against Campbell and Arnott as sureties upon his guardianship bond, for the sums found due; and for further relief.

Robert Morgan, described in the bill as "a non-resident of" the State of Kansas, was the minor son of Joseph Morgan and Sarah Lee Morgan, his wife, who, as the bill alleged, after the father's death in Texas in 1883, moved with her infant son to the State of Kansas, and thence, in October, 1886, to Warren County in the State of Kentucky, and since continually resided there with him, and in February, 1887, was there married to one Williams, a resident of that county.

The principal defendant, Henry Morgan, was appointed February 14, 1887, by the probate court of the county of Ottawa in the State of Kansas, guardian of the estate of Robert Morgan, and took an oath and gave bond as such, and afterwards filed in that court an inventory and annual accounts, which he claimed to be true, and which were not excepted to in that court, nor their correctness otherwise challenged by the ward or by any one acting in his behalf; he was not shown to have failed or refused to comply with any order of that court in relation to his guardianship; and, when this bill was filed, the minor's estate was undergoing administration in that court, and no final settlement or accounting had been had there between the guardian and the ward. The other defendants were the sureties on the guardianship bond.

The plaintiffs were Potter, and the mother of Robert Mor-

gan. Potter sued as his guardian, appointed, as the bill alleged, by a court of the county of Warren in the State of Kentucky, having jurisdiction of his person and estate, with the consent of his mother and her husband. His mother sued as his next friend.

The case was heard in the Circuit Court of the United States for the District of Kansas upon pleadings and proofs, and a decree entered for the plaintiff. The defendants appealed to the Circuit Court of Appeals, which made a certificate to this court, setting forth the above facts, and others not material to be here stated, and requesting the instruction of this court upon several questions.

The first question certified is, " Does the foregoing bill of complaint state a case entitling the complainants named therein, or either of them, to any form of relief in the Circuit Court of the United States for the District of Kansas?"

The authority of a guardian, like that of an executor or administrator, appointed by a court of one State, is limited to that State, and he cannot sue in a court, even of the United States, held within any other State, except so far as authorized to do so by its laws. *Hoyt* v. *Sprague*, 103 U. S. 613, 631; *Lamar* v. *Micou*, 112 U. S. 452, 470. The statutes of Kansas do authorize executors or administrators appointed in another State to sue and be sued as such in Kansas. Gen. Stat. of 1889, § 2989. But they confer no such general authority upon guardians appointed in another State; and, as to them, provide only that when, as in the present case, a minor, for whom a guardian has been appointed in this State, removes to another State, and a guardian of the minor is there appointed, the guardian appointed in this State may be discharged and required to account; but only upon application made by the foreign guardian to the court in this State which appointed the first guardian ; and not then, unless that court is satisfied that his discharge would be to the interest of the ward. §§ 3248, 3249. The necessary consequence is that this bill

---

[1] SEC. 3248. When a minor for whom a guardian has been appointed in this State shall remove to another State or Territory, and a guardian of such infant shall be there appointed, the guardian appointed in this State

states no case entitling the plaintiff Potter, who sues only as a guardian appointed in Kentucky, to any form of relief.

It is equally clear that the other plaintiff, the minor's mother, suing as his next friend, cannot maintain this bill. As said by Lord Somers, " An infant may by his *prochein ami* call his guardian to an account." *Falkland* v. *Bertie*, 2 Vernon, 333, 342. It is the infant, and not the next friend, who is the real and proper party. The next friend, by whom the suit is brought on behalf of the infant, is neither technically nor substantially the party, but resembles an attorney, or a guardian *ad litem*, by whom a suit is brought or defended in behalf of another. The suit must be brought in the name of the infant, and not in that of the next friend. *Crandall* v. *Slaid*, 11 Met. 288; *Guild* v. *Cranston*, 8 Cush. 506.

As upon this record, in the condition in which it has been sent up, neither of the plaintiffs is entitled to maintain this suit, the first question certified must be answered in the negative, and it becomes unnecessary to answer any of the other questions certified.

*Ordered accordingly.*

---

MICHELS *v.* OLMSTEAD.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF MISSOURI.

No. 100. Submitted December 4, 1894. — Decided March 18, 1895.

---

may be discharged, and required to settle his account, as hereinafter provided.

SEC. 3249. Such discharge shall not be made, unless the guardian appointed in another State or Territory shall apply to the probate court in this State which made the former appointment, and file therein an exemplification of the record of the court making the foreign appointment containing all the entries and proceedings in relation to his appointment and his giving of bond, with a copy thereof and of the letters of guardianship, all authenticated as required by the act of Congress in that behalf; and

cluded by the court, upon the plaintiff's objection, as incompetent to control the written contract, he is estopped, at the hearing of a bill in equity thereupon filed by the defendant for an injunction against the prosecution of the action at law, to object that the evidence was admissible at law only.

THE case is stated in the opinion.

*Mr. John D. Conely* for appellant.

*Mr. John L. Peak, Mr. R. E. Ball, Mr. R. L. Yeager,* and *Mr. A. R. Strother* for appellee.

before such application shall be heard, or any action taken therein by the court, at least thirty days' written notice shall be served on the guardian appointed in this State, specifying the object of the application, and the time when the same will be heard : Provided further, that the court may in any case deny the application, unless satisfied that the discharge of the guardian appointed in this State would be to the interest of the ward.