# DAVID WILSON ET AL.
## v.
# CENTRAL ALTAGRACIA, INC.

Equity, No. 436.

A foreign guardian cannot represent a nonresident party in a suit in the
district court of the United States for Porto Rico until he has been
appointed such by a court of the island.

Order filed June 22, 1907.

*Francis H. Dexter, Esq.,* for intervener.

*N. B. K. Pettingill, Esq.,* attorney for defendant.

RODEY, Judge, delivered the following opinion:

The court has examined the present situation of this case
and it finds that the intervening petition herein was first filed
by William E. Ingersoll, alleging himself to be appointed by a
family council in France as tutor of the intervener, Joaquin
Sanchez de Larragoiti. Thereafter the said Ingersoll amended
the intervening petition and stated that he instituted this suit
as the guardian of the said Joaquin Sanchez de Larragoiti, who
is an insane person, domiciled in France, and alleges that he,
Ingersoll, is a citizen of the United States, temporarily resid-

ing in the city of Paris, France, and that he speaks for said intervener, and that said intervener, now insane, is a citizen of the United States also, temporarily domiciled in the Republic of France, and that said intervener was declared a lunatic by the judgment of the Tribunal Civil de la Seine in the city of Paris, France, April 6, 1906, and that, by a resolution of the family council, under the laws of said Republic, he, the said Ingersoll, was duly appointed guardian for said insane intervener.

The main issue herein is on demurrer to the intervening petition, for the reason, as alleged, that it shows no equity, because, as contended, the contract set out is plainly assignable by its terms, and is so under the laws of Porto Rico. On this main issue on the merits, briefs of the opposing counsel are before us. We have had another phase of this case before us in a proceeding between one Wilson and others wherein we filed a somewhat lengthy opinion, as will be seen from the files, and hence we have considerable knowledge of the facts, and do not believe that any injury is being done intervener's property at the present time.

We therefore consider it unnecessary at this time to pass upon the phase of the demurrer going to the real merits of the cause of action, because we consider, under the general rule of law governing in such cases, that it is very doubtful if the guardian appointed in France has power to represent the insane person in this suit here until after he has had himself, by some ancillary proceedings in the courts of this island, appointed as guardian here. We feel authorized to make this holding under the general rule of law in the premises and under the authority of the cases of Morgan v. Potter, 157 U. S. 195,

39 L. ed. 670, 15 Sup. Ct. Rep. 590, and Clarke v. Clarke, 178
U. S. 186, 44 L. ed. 1028, 20 Sup. Ct. Rep. 873.

The suit will therefore be dismissed without prejudice to
having the same refiled whenever any person qualified to repre-
sent the real intervener appears, and it is so ordered.