## SOUTHERN OHIO SAV. BANK & TRUST CO. v. GUARANTY TRUST CO. OF NEW YORK et al.

District Court, S. D. New York.

Feb. 1, 1939.

David V. Cahill, of New York City, and Haveth E. Mau, of Cincinnati, Ohio, for plaintiff.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City, for defendant Guaranty Trust Co. of New York.

486

Milton J. Bach, of New York City, for Ancillary Committee.

PATTERSON, District Judge.

The application is one by the plaintiff to be appointed ancillary guardian of an incompetent person in whose behalf the action was brought.

The complaint shows that Nagle, a resident of Ohio, was adjudged incompetent by decree of the Probate Court of Hamilton County, Ohio, and that the plaintiff was duly appointed guardian of his estate and brings suit as such guardian, and that the defendant Bach was duly appointed ancillary committee of the incompetent's property in New York by order of the New York Supreme Court. It is alleged that prior to the adjudication of incompetency Nagle had transferred property to the defendant Guaranty Trust Company as trustee, to pay the income to him for life and on his death to distribute the principal to appointees under his will and in default thereof to his next of kin; that the plaintiff as guardian revoked the trust, claiming the right to do so on the ground that the incompetent is the sole person beneficially interested in it, and gave notice of revocation to the trustee; further, that the transfer of the property to the trustee was void from the outset because the incompetent was of unsound mind at the time or because undue influence was exerted on him by his brothers. It is alleged that the plaintiff demanded that Bach as ancillary committee bring suit to recover the property, that Bach refused, and that hence Bach is joined as a party defendant.

The answers of both defendants set up, among other things, lack of capacity to sue on the part of the plaintiff. The point made is that a guardian appointed in one state may not, ordinarily at least, maintain suit in the courts of another state or in a federal court held in another state. Morgan v. Potter, 157 U.S. 195, 15 S.Ct. 590, 39 L.Ed. 670. The plaintiff then brought on the present application to be appointed ancillary guardian and to be substituted in that capacity as plaintiff. Of course this court has no power to appoint an ancillary guardian of an incompetent's property. On oral argument the plaintiff made the more modest demand that it should be appointed guardian ad litem of the incompetent.

Rule 17(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides: "(c) Infants or Incompetent Persons. Whenever an infant or incompetent person has a representative, such as a general guardian, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant or incompetent person. If an infant or incompetent person does not have a duly appointed representative he may sue by his next friend or by a guardian ad litem. The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person."

The first sentence does not mean that any general guardian, committee, conservator or other like fiduciary of an infant or incompetent may maintain suit in any district court. It is to be read with the provision in Rule 17(b) that capacity to sue or be sued by one acting in a representative capacity shall be determined "by the law of the state in which the district court is held." Moore's Federal Practice, section 17.18. The effect in the present case is that the person recognized as committee by the law of New York may bring suit in this court in behalf of the incompetent. The committee recognized by the law of New York is the ancillary committee appointed in New York, not the general guardian appointed by the state of residence of the incompetent. New York Civil Practice Act, § 1377; Stock v. Mann, 255 N.Y. 100, 174 N.E. 76.

The power to appoint a guardian ad litem for an infant or incompetent under Rule 17(c) is confined to cases where the infant or incompetent is "not otherwise represented" in the action. Here the incompetent is represented in the action by the ancillary committee appointed by the New York Supreme Court. So the application for appointment of a guardian ad litem for the incompetent must be denied. If the present action is meritorious, the plaintiff is not without remedy; it may present the facts and the refusal of the ancillary committee to act to the state court under whose control the ancillary committee cares for the incompetent's estate and obtain appropriate relief against him.