### BUCHELE v. TRUCKING, Inc., et al.
### No. 4425.

District Court, E. D. Michigan, S. D.
Nov. 27, 1944.

Hugh K. Davidson, of Detroit, Mich., for plaintiff.

Cary & BeGole, of Detroit, Mich., for defendants.

LEDERLE, District Judge.

This case having been instituted October 16, 1944, and defendant having answered to the merits on November 2, 1944; and after entry of an order requiring counsel to appear on November 20, 1944, for a pre-trial hearing under Rule 16, 28 U.S.C. A. following section 723c, counsel appeared on a preliminary motion for discovery, at which time the Court questioned the propriety of this suit, suggesting that counsel consider this phase prior to further proceedings, and adjourned the pre-trial hearing to this date for such purpose; and it further appearing that this case was instituted by Richard A. Buchele, Guardian appointed by the Lucas County (Ohio) Probate Court for his son, Richard Verne Buchele, aged fifteen years, both citizens of Ohio, against two Michigan citizens, claiming damages in excess of $3,000 for personal injuries received by said minor in an Ohio accident when defendants' truck struck said minor, claiming jurisdiction by diversity of citizenship and amount involved under 28 U.S.C.A. § 41(1); and it further appearing that under Rule 17(a) actions must be prosecuted in the name of the real party in interest, although a guardian may sue without joining his ward, and that under Rule 17(b) capacity to sue of a person acting in a representative capacity is determinable by the law of the state in which the District Court is held, and that under M.S.A. 27.3178 (201) et seq., Pub.Acts 1939, No. 288, c. 3, § 1 et seq., the Michigan Probate Court of the county in which a non-resident minor has estate has jurisdiction to appoint a guardian of his Michigan estate, and that a non-resident minor's transitory cause of action against a Michigan resident constitutes estate of such minor in, and only in, the county where the Michigan resident is located and amenable to suit (Olson v. Preferred Auto Ins. Co., 259 Mich. 612, 244 N.W. 178), and that "the authority of a guardian, like that of an executor or administrator, appointed by a court of one state, is limited to that state, and he cannot sue in a court, even of the United States, held within any other state, except so far as authorized to do so by its laws" (Morgan v. Potter, 157 U.S. 195, 15 S.Ct. 590, 591, 39 L.Ed. 670, 671); and it further appearing that a guardian appointed by another state can only sue in Michigan after prosecuting ancillary probate proceedings in Michigan in accordance with the provisions of M.S. A. 27.3178 (231), Pub.Acts 1939, No. 288, c. 3, § 31, which was not done in this case, and, consequently, this Ohio Guardian lacks capacity to maintain this action and a judgment herein would not be res judicata of the matters in suit; and the order for pre-trial hearing herein having provided that "unless reason is shown to the contrary, the Court will proceed to judgment at such hearing,"

Now, therefore, it is ordered that this case be, and the same is hereby dismissed without prejudice for the reason that the complaint fails to state a cause of action upon which relief could be granted because plaintiff is without capacity to maintain this action. See, also, In re Stevens' Estate, 171 Mich. 486, 137 N.W. 627; Jones v. Turner, 249 Mich. 403, 228 N.W. 796.