# IN THE SUPREME COURT OF TEXAS

══════════
No. 12-0946
══════════

IN RE BRIDGESTONE AMERICAS TIRE OPERATIONS, LLC, RELATOR

═══════════════════════════════════════════════════
ON PETITION FOR WRIT OF MANDAMUS
═══════════════════════════════════════════════════

**Argued November 5, 2014**

JUSTICE LEHRMANN delivered the opinion of the Court.

Before us once again is the Texas-resident exception to the forum-non-conveniens statute. We consider whether the exception—which allows a plaintiff residing in Texas to maintain a lawsuit here even when the suit would otherwise be subject to dismissal for forum non conveniens—applies in a case in which two nonresident minors sue by a next friend who is a Texas resident. The minors themselves reside in Mexico with their grandparents, who are the minors' legal guardians under Mexican law. We hold that the Texas-resident exception does not apply and that the trial court abused its discretion in refusing to dismiss the case on forum-non-conveniens grounds. Accordingly, we conditionally grant mandamus relief.

## I. Background

This case arises from a June 2009 car accident in Mexico. Armando Alvarado was driving a 1996 Ford Explorer on a highway near Monterrey in the State of Nuevo Leon. His wife, Maria

Isabel Rodriguez, and their two minor children were passengers. The Explorer's left rear tire allegedly failed, causing a rollover that killed Armando and Maria and injured the children. At the time of the accident, the family resided in Nuevo Leon. The children's maternal grandparents became the children's legal guardians by operation of Mexican law and took custody of the children in Nuevo Leon.

Gilberto Rodriguez, a Texas resident who is the children's maternal uncle, filed a wrongful-death lawsuit "as next friend" of the children in Texas against Bridgestone Americas Tire Operations, LLC (Bridgestone), a Delaware company that manufactured the allegedly defective tire. Other defendants included Gutierrez Brothers, Inc., doing business as Gutierrez Auto Sales, and that company's individual owners, brothers Juan, Jaime, and Manuel Gutierrez.[1] Gutierrez Auto Sales, which is in Hidalgo County, Texas, had purchased the used Explorer from a New Jersey Acura dealership through a New Jersey auction house on July 12, 2007.[2] Approximately two weeks later, Gutierrez Auto Sales sold the Explorer to wholesaler Librado Leal, a company based in Nuevo Leon, "For Export Only." The accident occurred almost two years later. The record does not reflect when or where the tire at issue was put on the Explorer, and nothing in the record suggests that the tire was manufactured in Texas.

Bridgestone filed a motion to dismiss for forum non conveniens, arguing that the case belonged in Mexico, not Texas. The trial court denied the motion, and Bridgestone filed a petition

---

[1] The original petition named only Bridgestone and Jaime Gutierrez d/b/a Gutierrez Auto Sales as defendants. The operative Third Amended Petition names Gutierrez Brothers, Inc., and all three Gutierrez brothers.

[2] The Explorer's first two owners were New Jersey residents.

2

for writ of mandamus in the court of appeals. In denying relief, the court of appeals held that the case may not be dismissed on forum-non-conveniens grounds because the plaintiff, next-friend Rodriguez, is a Texas resident. 387 S.W.3d 840, 848 (Tex. App.—Beaumont 2012). Bridgestone now seeks mandamus relief in this Court, arguing that the trial court abused its discretion in denying Bridgestone's motion to dismiss.

## II. Analysis

The doctrine of forum non conveniens, which originated in the common law and is now codified in Texas, "comes into play when there are sufficient contacts between the defendant and the forum state to confer personal jurisdiction upon the trial court, but the case itself has no significant connection to the forum." *In re Pirelli Tire, LLC*, 247 S.W.3d 670, 675–76 (Tex. 2007). Texas's forum-non-conveniens statute provides:

> If a court of this state, on written motion of a party, finds that in the interest of justice and for the convenience of the parties a claim or action to which this section applies would be more properly heard in a forum outside this state, the court shall decline to exercise jurisdiction under the doctrine of forum non conveniens and shall stay or dismiss the claim or action.

TEX. CIV. PRAC. & REM. CODE § 71.051(b).[3] Notwithstanding this mandatory language, courts "may not stay or dismiss a plaintiff's claim [on forum-non-conveniens grounds] if the plaintiff is a legal resident of this state." *Id.* § 71.051(e). This so-called Texas-resident exception "ensure[s] access to Texas courts for Texas plaintiffs." *In re Ford Motor Co.*, 442 S.W.3d 265, 269 (Tex. 2014).

---

[3] The statute applies to actions for personal injuries or wrongful death. TEX. CIV. PRAC. & REM. CODE § 71.051(i).

3

We have held that a trial court's erroneous denial of a forum-non-conveniens motion cannot be adequately remedied on appeal and therefore warrants mandamus relief. *In re Gen. Elec. Co.*, 271 S.W.3d 681, 685 (Tex. 2008). We review the trial court's forum-non-conveniens ruling for an abuse of discretion. *Id.*

## A. Application of the Texas-Resident Exception

When the Texas-resident exception outlined in subsection 71.051(e) applies, a case may not be dismissed on forum-non-conveniens grounds no matter how tenuous its connection to Texas. In this case, as discussed above, Texas-resident Rodriguez brought a wrongful-death suit on behalf of two nonresident minors to recover damages for their parents' deaths. Rodriguez may not assert a personal cause of action under Texas's wrongful-death statute and has sued solely in his capacity as next friend of his nephews. *See* TEX. CIV. PRAC. & REM. CODE § 71.004(a) ("An action to recover damages as provided by [the wrongful-death statute] is for the exclusive benefit of the surviving spouse, children, and parents of the deceased."). Bridgestone argues that Rodriguez's Texas residency does not foreclose dismissal for two reasons: (1) Rodriguez lacked authority to sue as the children's next friend because they had a legal guardian, and (2) even if the children could sue by next friend, a next friend is not a "plaintiff" whose residency may trigger the exception. We address these contentions in turn.

## 1. Next-Friend Representation

We first address whether Texas Rule of Civil Procedure 44 allowed the children to sue through a next friend. When we analyze Texas's procedural rules, we apply the same rules of construction that govern the interpretation of statutes. *Ford Motor Co. v. Garcia*, 363 S.W.3d 573,

4

579 (Tex. 2012). That is, we look first to the rule's language and construe it according to its plain meaning. *In re Christus Spohn Hosp. Kleberg*, 222 S.W.3d 434, 437 (Tex. 2007). At the same time, we bear in mind that the rules are given a liberal construction in order to obtain "a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law." TEX. R. CIV. P. 1.

Rule 44, which is derived from a statute that was originally enacted in 1893,[4] governs the institution of suit by next friend and provides:

> Minors . . . who have no legal guardian may sue and be represented by "next friend" under the following rules:
>
> (1) Such next friend shall have the same rights concerning such suits as guardians have, but shall give security for costs, or affidavits in lieu thereof, when required.
>
> (2) Such next friend or his attorney of record may with the approval of the court compromise suits and agree to judgments, and such judgments, agreements and compromises, when approved by the court, shall be forever binding and conclusive upon the party plaintiff in such suit.

TEX. R. CIV. P. 44.[5] The only other procedural rule to mention next friends is Rule 173, which requires the court to appoint a guardian ad litem for a party represented by a next friend or guardian if "the next friend or guardian appears to the court to have an interest adverse to the party" or if the parties agree. TEX. R. CIV. P. 173.2(a). Bridgestone argues that Rule 44's plain language allows suit

---

[4] Act approved Feb. 11, 1893, 23d Leg., R.S., ch. 6, § 1, 1893 Tex. Gen. Laws 433 (former TEX. REV. CIV. STAT. art. 3498u) (repealed) ("[A]ny minor having a sufficient cause of action, and who has no legal guardian, can bring suit in any of the courts of this State by next friend.").

[5] The federal rule governing next-friend representation uses similar but not identical language: "A minor or incompetent person who does not have a duly appointed representative [which includes a general guardian, a committee, a conservator, and a like fiduciary] may sue by a next friend or by a guardian ad litem." FED. R. CIV. P. 17(c).

by a next friend only when the minor has "no legal guardian" and that the minor plaintiffs in this case have legal guardians: their grandparents.

The parties do not dispute that, under the law of the State of Nuevo Leon where the children reside, the children's grandparents automatically became the children's legal guardians upon the death of their parents.[6] However, the court of appeals concluded that, because no Texas court had accepted the grandparents' guardianship established in Mexico, "the minors had no legal guardian in Texas," and next-friend representation was appropriate under Rule 44. 387 S.W.3d at 846. Bridgestone contends that this interpretation improperly adds words to the rule and that "no legal guardian" means just that: "no legal guardian."

Bridgestone's argument has appeal, but it leaves out a very important inquiry. The significance of a minor's having a legal guardian in the context of Rule 44 is that, when a minor already has a guardian who may sue on his behalf, the minor does not need next-friend representation in order to litigate his claims. For Rule 44 to make sense, it must be construed to enable minors to prosecute their claims—through a next friend—when they otherwise could not through a legal guardian. It follows that, if a legal guardian has been appointed or recognized in another jurisdiction,

---

[6] At oral argument, Rodriguez's attorney asserted that the grandparents had executed an affidavit renouncing their status as guardians for health reasons. That affidavit was executed on December 12, 2011—seven months after the underlying lawsuit was filed—and is a bit unclear. The grandparents aver that they have custody of the children and "have provided them with all care required for the welfare of the children," but also that they "are in total agreement" that Rodriguez "take charge" of the children. Nothing in the record suggests that the children have ever lived with Rodriguez or that Rodriguez has petitioned any court for guardianship. Further, Bridgestone's Mexican-law expert testified without opposition that the grandparents would be required to petition a competent court to be excused from their guardianship duties, and the record does not reflect that such action was taken. Finally, we note that Rodriguez submitted, with a post-submission brief, copies of two federal tax returns purporting to show that he claimed the children as dependents in 2009 and 2010. We grant Bridgestone's motion to strike this evidence, which is not in the mandamus record.

6

but that guardian lacks authority to sue on the minor's behalf in Texas and has no legal basis for obtaining such authority, the minor may sue by next friend under Rule 44.[7] In this case, then, whether the children could sue by next friend turns on whether their grandparents could have filed suit in Texas on the children's behalf as their guardians. If they could not, Rule 44 steps in.

Bridgestone summarily argues that the grandparents' guardian status entitled them (and only them) to bring the underlying suit, but Bridgestone fails to address the potential limitations on a guardian's authority outside the jurisdiction in which he was appointed or otherwise designated. The U.S. Supreme Court recognized long ago that "[t]he authority of a guardian, like that of an executor or administrator, appointed by a court of one state, is limited to that state, and he cannot sue in a court . . . held within any other state, except so far as authorized to do so by its laws." *Morgan v. Potter*, 157 U.S. 195, 197 (1895) (noting that "[t]he statutes of Kansas do authorize executors or administrators appointed in another state to sue and be sued as such in Kansas," but "they confer no such general authority upon guardians appointed in another state"); *cf. Faulkner v. Reed*, 241 S.W. 1002, 1007 (Tex. Comm'n App. 1922, holding approved) ("An administrator, appointed by the courts of Ohio, could not, by virtue of said appointment sue or be sued in the courts of Texas, or in any way act as a legal representative of said estate in Texas. An administrator is the agent solely of the court appointing him, clothed with authority to administer only such assets as are within the jurisdiction of the court making such appointment.").

---

[7] Nothing in the rule prevents the foreign guardian and the next friend from being the same person.

Our courts of appeals have recognized this principle over the years in addressing challenges to next-friend representation, starting with *Bonner v. Ogilvie*, 58 S.W. 1027 (Dallas 1900, no writ). In that case, a child's mother appointed as his legal guardian in Louisiana sued on his behalf in her capacity as guardian. *Id.* at 1028. The court held that the mother's appointment as guardian in Louisiana "would not give her authority to sue as such guardian in Texas, but it would not deprive her of the power to sue in this state as next friend." *Id.*

As Bridgestone points out, *Bonner* was decided before this Court adopted the Texas Rules of Civil Procedure. However, Rule 44's "no legal guardian" language tracks the 1893 statute from which the rule is derived, and courts have relied on *Bonner* to interpret Rule 44. In *Henderson v. Shell Oil Co.*, for example, a guardian appointed by a Missouri court sued in Texas on behalf of his ward, also a Missouri resident, regarding a tract of land in Texas that the ward owned. 179 S.W.2d 386, 386 (Tex. Civ. App.—Fort Worth), *rev'd on other grounds and dismissed for want of jurisdiction*, 182 S.W.2d 994 (Tex. 1944). The court noted that "the only capacity in which [the Missouri guardian] could be recognized as having the right to bring the suit is that of 'next friend.'" *Id.* at 388. This conclusion was reiterated in *Herrin v. Falcon*, in which the court of appeals held that a father appointed by a Louisiana court to be his minor son's guardian properly brought suit in Texas "as next friend" where no ancillary or original guardianship proceeding had been brought in Texas. 198 S.W.2d 117, 122 (Tex. Civ. App.—Beaumont 1946, writ ref'd n.r.e.).

Evaluating these decisions requires an examination of the Texas Guardianship Code, which includes provisions governing guardians' authority to file suit on behalf of their wards.[8]  In Texas, the term "guardian" encompasses both a "guardian of the person" and a "guardian of the estate" of a minor or other incapacitated person.  TEX. EST. & G'SHIP CODE § 1002.012(b).  "A guardian of the estate of a ward *appointed in this state*" has authority to sue for damages on the minor's behalf.  *Id.* § 1151.104(a)(1) (emphasis added).  However, like the Kansas statute at issue in *Morgan*, Texas's guardianship statutes confer no such general authority on guardians appointed or recognized in other jurisdictions.  In limited circumstances in which a nonresident ward owns property in Texas, the Code provides a mechanism by which a guardian appointed in another jurisdiction may "be appointed and qualified as guardian or coguardian" of the ward's estate located here.  *Id.* §§ 1252.051–.053.  But a nonresident guardian of a nonresident ward with no connection to Texas beyond a possible lawsuit simply has no authority to sue on behalf of the ward in Texas in his capacity as guardian.[9]

---

[8] The Legislature recently amended and recodified Texas's guardianship statutes, which were formerly housed in the Probate Code but, effective January 1, 2014, are now contained in the Estates and Guardianships Code.  Act of June 17, 2011, 82d Leg., R.S., ch. 823, § 1.02, 2011 Tex. Gen. Laws 1917.  Because the amendments do not affect our analysis, we will cite the current versions of the statutes in this opinion.

[9] We note that we disagree with *Bonner* and *Herrin* to the extent they hold that a child's parent is not a legal guardian qualified to sue on his child's behalf in that capacity.  Under Texas law, a parent has the right to represent his child in legal proceedings and the duty to manage the child's estate unless a guardian of the estate has been appointed. TEX. FAM. CODE § 151.001(a)(4), (7).  A parent thus typically qualifies as a legal guardian for purposes of Rule 44, and his minor child may not sue by next friend.  *See In re KC Greenhouse Patio Apartments LP*, 445 S.W.3d 168, 172 (Tex. App.—Houston [1st Dist.] 2012, orig. proceeding); *see also R.H. v. Smith*, 339 S.W.3d 756, 759, 764 (Tex. App.—Dallas 2011, no pet.) (holding that a father had no right to represent his minor child in a lawsuit when the child's grandparents had been appointed the minor's managing conservators).

Accordingly, in this case, although the children's grandparents are recognized as the children's guardians under the law of Nuevo Leon where they reside, they have no authority to sue in that capacity on the children's behalf in Texas. To avoid depriving the children of the ability to pursue their claims before they turn eighteen, Rule 44 allows them to do so by next friend. Accordingly, we agree with the court of appeals that, for purposes of Rule 44, the children could sue by next friend. We therefore turn to whether Rodriguez, as a next friend, qualifies as a "plaintiff" who may take advantage of the forum-non-conveniens statute's Texas-resident exception.

### 2. Status of Next Friend

As noted above, a plaintiff's claim may not be stayed or dismissed on forum-non-conveniens grounds if the plaintiff is a legal resident of Texas. TEX. CIV. PRAC. & REM. CODE § 71.051(e). In determining whether Rodriguez is a plaintiff for purposes of this provision, we focus on the specific statutory definition of "plaintiff," but we also consider that definition in the context of the entire forum-non-conveniens statute and chapter 71 as a whole. *See CHCA Woman's Hosp. v. Lidji*, 403 S.W.3d 228, 232 (Tex. 2013) ("We analyze statutory language in context, considering the specific section at issue as well as the statute as a whole."). We presume the Legislature enacted the statute "with complete knowledge of the existing law and with reference to it." *Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990).

The forum-non-conveniens statute defines the term "plaintiff" as follows:

"Plaintiff" means a party seeking recovery of damages for personal injury or wrongful death. In a cause of action in which a party seeks recovery of damages for personal injury to or the wrongful death of another person, "plaintiff" includes both that other person and the party seeking such recovery. The term does not include a counterclaimant, cross-claimant, or third-party plaintiff or a person who is assigned

a cause of action for personal injury, or who accepts an appointment as a personal representative in a wrongful death action, in bad faith for purposes of affecting in any way the application of this section.

TEX. CIV. PRAC. & REM. CODE § 71.051(h)(2). In the context of this case, we consider whether Rodriguez, as a next friend, qualifies as "a party seeking recovery of damages for personal injuries or wrongful death." We hold that he does not.

The status of a next friend under Texas law is well settled. "In a suit by a 'next friend,' the real party plaintiff is the child and not the next friend." *Gracia v. RC Cola–7-Up Bottling Co.*, 667 S.W.2d 517, 519 (Tex. 1984); *accord Safeway Stores of Tex. v. Rutherford*, 111 S.W.2d 688, 689 (Tex. 1938). Indeed, we long ago stated that "the *next friend* is not *a party* to the suit instituted by a minor by his aid." *Martin v. Weyman*, 26 Tex. 460, 468 (1863) (citation omitted); *see also Gulf, C. & S. F. Ry. Co.*, 1 S.W. 161, 163 (Tex. 1886) ("When it appears with certainty . . . that the action [by next friend] is based on the right of the minor; that the relief sought is such as the minor alone would be entitled to on the facts pleaded, and that this is sought for the use and benefit of the minor; then we are of the opinion that the minor is the real plaintiff, whatsoever may be the formula used."). The U.S. Supreme Court has similarly stated:

> It is the infant, and not the next friend, who is the real and proper party. The next friend, by whom the suit is brought on behalf of the infant, is neither technically nor substantially the party, but resembles an attorney, or a guardian ad litem, by whom a suit is brought or defended in behalf of another.

*Morgan*, 157 U.S. at 198. This is consistent with our longstanding recognition that a minor's lack of capacity to sue, unlike standing, is not a jurisdictional defect and that a challenge to capacity may be waived. *Austin Nursing Ctr. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005).

11

In light of this well-settled law, we cannot conclude that a next friend is "a party seeking recovery of damages for personal injury or wrongful death." Tex. Civ. Prac. & Rem. Code § 71.051(h)(2). That description fits the persons who are authorized to bring a wrongful-death action under section 71.004, but not the person serving as a conduit when the ones authorized to bring the action are minors. As such, a next friend's legal residency in Texas does not trigger the forum-non-conveniens statute's Texas-resident exception. So interpreted, the statute's plain language serves its purpose of "ensur[ing] access to Texas courts for Texas plaintiffs." *In re Ford Motor Co.*, 442 S.W.3d at 269. Texas courts have no responsibility to protect the interests of next friends, who themselves must protect and advance the interests of the minors suing through them. That is, next friends have no interest in keeping a case in Texas beyond the interests of the minors they represent. If the minors whose wrongful-death claims are being prosecuted are not Texas residents, their right to access Texas courts does not trump a defendant's right to dismissal for forum non conveniens.

The court of appeals interpreted the statute differently, relying principally on the language excluding personal representatives appointed in bad faith from qualifying as plaintiffs. The specific language at issue states: "The term [plaintiff] does not include . . . a person . . . who accepts an appointment as a personal representative in a wrongful death action, in bad faith for purposes of affecting in any way the application of this section." Tex. Civ. Prac. & Rem. Code § 71.051(h)(2). The court concluded, and Rodriguez argues, that this exclusion demonstrates that the Legislature intended a next friend to qualify as a plaintiff for purposes of the Texas-resident exception unless the defendant shows the next friend was appointed in bad faith. We disagree.

12

Considering this language in the context of chapter 71 as a whole, as we must, we read this exclusion to apply to the prosecution of a wrongful-death action by an executor or administrator under subsection 71.004(c).  Section 71.004 provides:

> (a) An action to recover damages [for wrongful death] is for the exclusive benefit of the surviving spouse, children, and parents of the deceased.
>
> (b) The surviving spouse, children, and parents of the deceased may bring the action or one or more of those individuals may bring the action for the benefit of all.
>
> (c) If none of the individuals entitled to bring an action have begun the action within three calendar months after the death of the injured individual, his executor or administrator shall bring and prosecute the action unless requested not to by all those individuals.

An executor or administrator thus has express statutory authority to bring an action that wrongful-death beneficiaries could have brought but chose not to.  When that happens, the executor or administrator—i.e., the personal representative—is the only possible party plaintiff.[10]  *See In re Ford Motor Co.*, 442 S.W.3d at 281 (noting that a personal representative qualifies as a party "seek[ing] recovery of damages for personal injury to or the wrongful death of another person" (quoting TEX. CIV. PRAC. & REM. CODE § 71.051(h)(2))).  In turn, the bad-faith exclusion precludes such a plaintiff from taking advantage of the Texas-resident exception when he accepted the appointment "in bad faith for purposes of affecting in any way the application of this section."  *Id.* § 71.051(h)(2).

---

[10] Section 71.012 is also instructive.  Entitled "Qualification of Foreign Personal Representative," section 71.012 provides that, when an executor or administrator of a nonresident's estate "is the plaintiff" in a wrongful-death action, that "foreign personal representative" need not apply for letters testamentary "to bring and prosecute the action" so long as he has complied with the statutory requirements for the probate of a foreign will.  TEX. CIV. PRAC. & REM. CODE § 71.012.  This lends further support to our interpretation of "personal representative," as used in the Texas-resident exception, to apply to executors or administrators exercising their authority to sue under subsection 71.004(c).  *See also* TEX. EST. & G'SHIP CODE § 22.031(a) (defining "personal representative" to include: an executor and independent executor; an administrator, independent administrator, and temporary administrator; and their successors).

13

The court of appeals' overly broad reading of the bad-faith exclusion stretches the definition of plaintiff beyond the breaking point. If the term "personal representative" as used in section 71.051 were broad enough to include a next friend, we see no principled reason why it would not also include a guardian ad litem, an attorney ad litem, or an amicus attorney.[11] *See Morgan*, 157 U.S. at 198 (noting that a next friend resembles a guardian ad litem). Yet it would be absurd to classify a guardian ad litem as a plaintiff, and, for the reasons discussed above, it makes no more sense to so classify a next friend. We note that, had the children at issue been adults when suit was filed, the Texas-resident exception clearly would not have applied. Allowing them to take advantage of the exception and maintain a suit in Texas merely because they are minors who lack capacity to represent themselves in litigation defies logic as well as the statute's plain language and purpose.

In sum, we hold that the Texas-resident exception does not foreclose dismissal of this action for forum non conveniens. Accordingly, we turn to whether the forum-non-conveniens factors mandate dismissal.

## B. Application of Forum-Non-Conveniens Factors

As noted above, the forum-non-conveniens statute mandates the stay or dismissal of a personal-injury or wrongful-death action when the court "finds that in the interest of justice and for the convenience of the parties [the action] would be more properly heard in a forum outside this state." TEX. CIV. PRAC. & REM. CODE § 71.051(b). In short, the statute requires dismissal of a case

---

[11] Next friends generally are not appointed. They simply act on behalf of the minor unless and until the court steps in to protect the minor in the event of a conflict of interest. TEX. R. CIV. P. 44, 173; *see also Saldarriaga v. Saldarriaga*, 121 S.W.3d 493, 498 (Tex. App.—Austin 2003, no pet.) (noting that Rule 44 "does not provide for any kind of procedure for the *appointment* of a next friend," but "merely gives minors and incapacitated persons the ability to sue and appear by a representative").

that "has no significant connection to the forum." *In re Pirelli Tire, LLC*, 247 S.W.3d 670, 675–76 (Tex. 2007).

The statute lists six factors for consideration in evaluating a forum-non-conveniens motion. Specifically, the court must consider whether:

> (1) an alternate forum exists in which the claim or action may be tried;
>
> (2) the alternate forum provides an adequate remedy;
>
> (3) maintenance of the claim or action in the courts of this state would work a substantial injustice to the moving party;
>
> (4) the alternate forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all the defendants properly joined to the plaintiff's claim;
>
> (5) the balance of the private interests of the parties and the public interest of the state predominate in favor of the claim or action being brought in an alternate forum, which shall include consideration of the extent to which an injury or death resulted from acts or omissions that occurred in this state; and
>
> (6) the stay or dismissal would not result in unreasonable duplication or proliferation of litigation.

*Id.* § 71.051(b)(1)–(6). Our decision in *Pirelli Tire* guides the application of these factors to this case.

The facts of the two cases are strikingly similar. *Pirelli Tire* involved an alleged tire failure leading to a rollover accident in Mexico that caused the death of a Mexican resident who was in the truck at the time of the accident. 247 S.W.3d at 673. Two years before the accident, a Texas dealership had purchased the truck at an auction in another state and sold it eleven days later to a Mexican citizen who imported it into Mexico the same day, where it was used and serviced until the

15

accident. *Id.* The tire was not manufactured in Texas, and the tire's manufacturer, Pirelli Tire, was not formed in Texas, nor did it maintain its principal place of business here. *Id.* The decedent's family sued Pirelli Tire for negligence and strict liability in designing and manufacturing the tire. *Id.* Pirelli Tire filed a motion to dismiss for forum non conveniens, which the trial court denied. *Id.*

Applying the factors listed above, we granted Pirelli Tire's petition for writ of mandamus. We held that Pirelli Tire had demonstrated the availability of an adequate forum by stipulating that it would submit to personal jurisdiction in Mexico and would not assert a statute-of-limitations defense, and that Mexico was not rendered an inadequate forum merely because its laws may have been "less favorable" to the plaintiffs. *Id.* at 677–78. We also held that private-interest factors favored a Mexican forum, noting that "key evidence and witnesses concerning damages [were] in Mexico," including a witness to the accident, the accident investigators and medical personnel, witnesses most likely to be familiar with the condition and maintenance of the truck and the tire, the truck's owner, and the accident scene itself. *Id.* at 678–79. We also noted that evidence concerning the tire's design and manufacture was in Georgia or Iowa, not Texas. *Id.* at 679. Finally, we held that the public interests involved "strongly favor[ed] Mexico," as Mexico has a "paramount" interest in seeing that its citizens are compensated for their injuries as well as interests in the safety of Mexican highways and products within its borders. *Id.* We concluded that "it is unfair to impose upon the citizens of [the Texas forum county] the cost and administrative burden of a complex products-liability suit with no significant connection to Texas." *Id.*

Like *Pirelli Tire*, this case involves: Mexican citizens and residents involved in a car accident in Mexico; an alleged failure of a tire manufactured in the United States, but not in Texas; and brief

16

ownership of the subject vehicle by a Texas dealership approximately two years before the accident, followed by ownership and maintenance of the vehicle in Mexico. Also like *Pirelli Tire*, key evidence and witnesses relating to the accident, the vehicle, the tire, and damages are in Mexico, and the evidence concerning the tire's design and manufacture may be in the United States, but it is not in Texas. These similarities would seem to render *Pirelli Tire* dispositive of the forum-non-conveniens analysis.[12] However, Rodriguez argues that this case is distinguishable from *Pirelli Tire* because of the presence of Texas defendants in the suit. As noted above, in addition to Bridgestone, the plaintiffs sued the Texas dealership—and its individual owners—that had owned the Explorer for two weeks in 2007 before selling it to a wholesaler for export to Mexico.[13] The petition alleged that the dealership was liable for selling the vehicle with a recalled tire.

Rodriguez asserts that Mexico's courts lack personal jurisdiction over these defendants—one of whom has affirmatively stated that he will not submit to such jurisdiction—rendering Mexico an inadequate alternate forum. *See* TEX. CIV. PRAC. & REM. CODE § 71.051(b)(4) (requiring consideration of whether "the alternate forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all the defendants properly joined to the plaintiff's claim"). We need not address whether a showing that the Mexico courts lack jurisdiction over the Gutierrez

---

[12] We found that the trial court had abused its discretion in *Pirelli Tire* even though the applicable version of the forum-non-conveniens statute permitted, but did not require, the trial court to dismiss for forum non conveniens when it found no significant connection to Texas under the enumerated factors. *See* Act of May 27, 1997, 75th Leg., R.S., ch. 424, § 1, sec. 71.051, 1997 Tex. Gen. Laws 1680, 1680, *amended by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 3.04, sec. 71.051, 2003 Tex. Gen. Laws 847, 854. As amended in 2003, the current version of the statute requires dismissal upon such a finding. TEX. CIV. PRAC. & REM. CODE § 71.051(b).

[13] The plaintiffs in *Pirelli Tire* initially sued both Pirelli and the Texas dealership that had briefly owned the vehicle. 247 S.W.3d at 673 n.1. However, the plaintiffs nonsuited the dealer in exchange for Pirelli Tire's agreement not to remove the case to federal court. *Id.* The dealer thus played no role in our forum-non-conveniens analysis.

defendants would be dispositive of the forum-non-conveniens analysis because the only record evidence on the subject is that such jurisdiction exists.[14] Bridgestone's Mexican-law expert testified that the Mexico courts would have jurisdiction over all defendants, both because Bridgestone had agreed to submit to Mexico's jurisdiction and because the "denial of justice" doctrine allows a Mexico court to "seize jurisdiction" if a foreign court has rejected a case on forum-non-conveniens grounds. Rodriguez did not designate an expert to counter these conclusions and thus presented no evidence to support his interpretation of Mexican law. Accordingly, the presence of the Texas defendants does not meaningfully distinguish this case from *Pirelli Tire* for purposes of evaluating the adequacy of the alternate forum as part of the forum-non-conveniens analysis.[15]

As they did in *Pirelli Tire*, the forum-non-conveniens factors "clearly and overwhelmingly favor a Mexican forum for resolution of this dispute." 247 S.W.3d at 679. Accordingly, we hold that the trial court abused its discretion in denying Bridgestone's motion to dismiss.

---

[14] Factually, Rodriguez's inclusion of claims against the dealership does not provide much of a distinction from *Pirelli Tire*. Notably, neither the New Jersey dealer that sold the Explorer to the Texas dealership nor the wholesaler that imported the car to Mexico were sued, even though it is unclear when the tire at issue was put on the Explorer. The principal claims in the case involve the allegedly defective design and manufacture of the failed tire. As in *Pirelli Tire*, "[t]he happenstance that the truck was in Texas for [less than a month] before it was sold and imported to Mexico is simply insufficient to provide Texas with any interest in this case." *Id*. at 679.

[15] To the extent Rodriguez claims Mexico is an inadequate forum because the defendants have not waived any limitations defenses, we agree with Bridgestone that the record does not support this assertion. Leaving aside that Rodriguez did not make this argument in the trial court, nothing in the record suggests that Mexican law differs from Texas law on the running of limitations on a minor's claim. TEX. CIV. PRAC. & REM. CODE § 16.001(a)(1), (b) (stating that the statute of limitations on a minor's claims does not begin to run until the minor turns eighteen). While we do not necessarily presume that the laws of Mexico and Texas are identical, at best the absence of evidence in the record renders us unable to evaluate Rodriguez's implied assertion that statute-of-limitations issues affect the forum-non-conveniens analysis.

## III. Conclusion

We hold that Texas law allows minors to sue by next friend when they have a legal guardian who is not authorized to sue in Texas in that capacity. We also hold that a next friend is not a plaintiff for purposes of the forum-non-conveniens statute's Texas-resident exception. Finally, we hold that application of the forum-non-conveniens factors mandates dismissal of this case as a matter of law. Accordingly, we conditionally grant Bridgestone's petition for writ of mandamus and order the trial court to vacate its order denying Bridgestone's motion to dismiss. We further order the trial court to "set terms and conditions for . . . dismissing [this] action . . . as the interests of justice may require, giving due regard to the rights of the parties to the claim or action," in a manner that is consistent with this opinion. TEX. CIV. PRAC. & REM. CODE § 71.051(c). The writ will issue only if the trial court fails to comply.

 

_____
Debra H. Lehrmann
Justice

**OPINION DELIVERED:** April 24, 2015

19