In the
# United States Court of Appeals
### For the Seventh Circuit

———————————

No. 21-3028

ASHLEY W., *et al.*,

*Plaintiffs-Appellees,*

*v.*

ERIC HOLCOMB, GOVERNOR OF INDIANA, *et al.*,

*Defendants-Appellants.*

———————————

Appeal from the United States District Court for the
Southern District of Indiana, Evansville Division.
No. 3:19-cv-00129-RLY-MPB — **Richard L. Young**, *Judge.*

———————————

DECIDED JULY 11, 2022

———————————

EASTERBROOK, *Circuit Judge*, in chambers. Appellants (collectively Indiana) prevailed in this appeal, 34 F.4th 588 (7th Cir. 2022), and filed a bill of costs under Fed. R. App. P. 39(a)(3), which provides that "if a judgment is reversed, costs are taxed against the appellee". But they did not request costs from the appellees, who are children. Instead they sought costs from the next friends who represented the children's interests.

Indiana does not cite, and I could not find, any appellate decision holding that costs may be assessed against next friends under Rule 39(a). The lack of authority is unsurprising, because the Supreme Court has held that next friends are not parties to suits in which they assist minors or incompetent persons. See *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990); *Morgan v. Potter*, 157 U.S. 195, 198 (1895). Rule 39(a) authorizes awards against losing litigants, not against their agents (which may include lawyers and guardians *ad litem* as well as next friends).

Some district judges have awarded costs against next friends under Fed. R. Civ. P. 54(d)(1) when the next friend is responsible for the child's expenses generally. See, e.g., *C.M.J. v. Walt Disney Parks & Resorts US, Inc.*, 2017 U.S. Dist. LEXIS 112188 (M.D. Fla. July 19, 2017); *Gohl v. Livonia Public Schools*, 2018 U.S. Dist. LEXIS 34245 (E.D. Mich. Mar. 2, 2018). That would be so if, for example, a child's parents sue as next friends. But the next friends in this litigation are neither the children's natural parents nor their foster parents. That may explain why Indiana does not ask for an award of costs against the children, as the state may need to reimburse foster parents for the expenses of these children. Indiana does not want a circular award under which it pays with one hand what it receives with the other.

Rule 39's text resolves this subject against Indiana. Its request for an award of costs against the next friends is denied.