COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | |
|---|---|---|
| IN RE: | | No. 08-24-00152-CV |
| | § | |
| TROPICANA PALMS, LTD., | | AN ORIGINAL PROCEEDING |
| | § | |
| Relator. | | IN MANDAMUS |
| | § | |

## MEMORANDUM OPINION

In this mandamus case, Relator Tropicana Palms, Ltd. (Tropicana) asks us to direct the Honorable Sergio Enriquez of the 448th Judicial District Court of El Paso, Texas to vacate an order denying Tropicana's motion to designate Yvette Gaytan as a responsible third party and enter an order granting the motion instead. We deny the petition.

## I. BACKGROUND

In the underlying negligence suit, Real-Party-In-Interest M.G. sued Tropicana, her landlord, alleging she was raped on its premises in 2016 when she was 13 years old. Suit was filed in 2017 by "Yvette Gaytan as next friend of, [M.G.], Plaintiffs." Ms. Gaytan is M.G.'s mother. In June 2023, M.G. filed a notice of removal of next friend, alleging she had "reached the age of eighteen (18) years old, and is therefore no longer a minor child."[1] It is undisputed that limitations for relevant claims against Ms. Gaytan expired no later than November 2022.

---

[1] M.G. filed this notice more than two years after her eighteenth birthday.

In April 2024, Tropicana filed a motion for leave to designate Ms. Gaytan as a responsible third party.[2] Under § 33.004(d) of the Texas Civil Practice and Remedies Code, a responsible third party cannot be designated "after the applicable limitations period . . . if the [designating party] has failed to comply with its obligations, if any, to timely disclose that the person may be designated[.]" In its motion, Tropicana argued it had no obligation to disclose Ms. Gaytan because she had filed suit as a "plaintiff . . . seeking to recover damages" as well as "next friend of [M.G.]," citing *In re CVR Energy, Inc.*, 500 S.W.3d 67 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding) (op. on reh'g) (former party to suit may be designated after limitations expires without having been disclosed). M.G. filed an objection to the motion, arguing Tropicana failed to comply with § 33.004(d). After a hearing, the trial court denied the motion. This mandamus action followed.

## II.  DISCUSSION

Mandamus relief is an extraordinary remedy that requires the relator to show (1) the trial court clearly abused its discretion, and (2) the relator lacks an adequate remedy by appeal. *In re Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023) (orig. proceeding). "The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law, or if it clearly fails to analyze or apply the law correctly. *Walker v. Packer*,

---

[2] This motion seeks to designate only Ms. Gaytan; a similar motion filed two months earlier sought to designate Ms. Gaytan and another Tropicana tenant. The alleged rapist was designated as a responsible third party in 2018.

827 S.W.2d 833, 840 (Tex. 1992). Here, we conclude Tropicana has failed to show the trial court clearly abused its discretion.

Tropicana does not dispute that under § 33.004(d), a person may be designated as a responsible third party after limitations expires only if the designating party timely disclosed the person as a potential responsible third party. Nor does Tropicana dispute that it sought to designate Ms. Gaytan after limitations expired without having disclosed her as a potential responsible third party.

Tropicana argues that Ms. Gaytan was nevertheless properly designated because § 33.004(d) does not apply if the person being designated was a "claimant" within the meaning of Texas Civil Practice and Remedies Code § 33.011(1) at the time limitations expired, citing *In re CVR Energy, Inc.*, 500 S.W.3d at 67. Tropicana contends that at the time limitations expired, Ms. Gaytan was a "claimant" in two capacities: as "plaintiff" and as "next friend." We address each in turn.

### A. Whether Ms. Gaytan was a "claimant" as a "plaintiff"

Tropicana argues that Ms. Gaytan filed suit as a "plaintiff," and thus a "claimant," because she "clearly sought recovery of damages on her own behalf, as well as on behalf of her daughter." The most recent petition in the record before us—"Plaintiff's Second Amended Petition"—was attached to M.G.'s response to the mandamus. It is less than precise.

Tropicana correctly notes that the pleading uses the word "plaintiffs" rather than "plaintiff" at various points. But the pleading is not consistent in this regard, at some points indicating that only one plaintiff is involved. Further, at times, the pleading refers to Ms. Gaytan as a plaintiff, and even includes such information as her place of residence and social security and driver's license numbers, yet elsewhere indicates her role is that of a "next friend." Tropicana also points

3

out that the pleading's references to "past lost earnings" and "reinstatement" were inapplicable to M.G. as a minor at the time the pleading was filed in 2018. However, the fact that "reinstatement" was also inapplicable to Ms. Gaytan suggests drafting error rather than an intent to plead an individual claim for damages on behalf of Ms. Gaytan.

Finally, the pleading's damages paragraph reads in full as follows: "[Tropicana]'s actions and omissions proximately caused Ms. Gaytan as next friend of [M.G.]'s personal injury damages, including pain and suffering, bodily injury, impairment, disfigurement, past and future lost earnings, loss of earning capacity, emotional trauma/mental anguish and inconvenience." Nothing in this sentence clearly conveys that multiple plaintiffs are asserting damages or that Ms. Gaytan is asserting a claim for damages on her own behalf rather than on M.G.'s behalf as a next friend. Were this sentence intended to refer to two separate plaintiffs, one might expect it to have expressed such an intent with language such as "Ms. Gaytan *individually and* as next friend." The same might be said of the pleading's style, which reads in part: "Yvette Gaytan, as next friend of, [M.G.], Plaintiffs," and the introductory sentence, which begins: "Plaintiffs, Yvette Gaytan ('Ms. Gaytan') as next friend of [M.G.] ('Child')." *See, e.g.*, *Domino's Pizza, L.L.C. v. Umanzor*, No. 01-11-00270-CV, 2012 WL 2159392, at *1 (Tex. App.—Houston [1st Dist.] June 14, 2012, pet. denied) (mem. op.) ("The lawsuit was originally brought . . . by Manuel and Leticia, *individually and* as next friends of Christopher . . . .") (emphasis added); *Flores v. Oncor Electric Delivery Co., LLC*, 697 S.W.3d 465, 465 (Tex. App.—Dallas 2024, no pet. h.) (styled: "Juan Flores and Sayra Flores, *Individually and* as Next Friends of L.F., S.F., and P.F., Minors . . . .") (emphasis added); *City of San Antonio v. Garcia*, No. 08-23-00329-CV, 2024 WL 3066051 (Tex. App.—El Paso June 20, 2024, no pet.) (styled: "City of San Antonio, Appellant, v. Joel Garcia, *Individually and* as Next Friend of J.G., Appellee") (emphasis added). *Domino's*, *Flores*,

4

and *Garcia* reflect widespread, standard practice in this regard.

Given that the language of the pleading does not specify that Ms. Gaytan sued individually, we cannot say that the trial court abused its discretion by not determining that Ms. Gaytan was a claimant under § 33.011(1) as a "plaintiff" herself in this case. *See Walker*, 827 S.W.2d at 840 (trial court abuses discretion if it reaches a decision so arbitrary and unreasonable as to amount to clear and prejudicial error of law, or clearly fails to analyze or apply law correctly).

### B.   Whether Ms. Gaytan was a "claimant" as a "next friend"

In addition to positing that Ms. Gaytan was a claimant as a plaintiff herself, Tropicana also maintains that the definition of "claimant" in Texas Civil Practice and Remedies Code § 33.011(1) "clearly covers Gaytan in her capacity as a next friend." Section 33.011(1) defines a "claimant" as:

> a person seeking recovery of damages, including a plaintiff, counterclaimant, cross-claimant, or third-party plaintiff. In an action in which a party seeks recovery of damages for injury to another person, damage to the property of another person, death of another person, or other harm to another person, "claimant" includes:
>
> > (A) the person who was injured, was harmed, or died or whose property was damaged; and
>
> > (B) any person who is seeking, has sought, or could seek recovery of damages for the injury, harm, or death of that person or for the damage to the property of that person.

Tex. Civ. Prac. & Rem. Code Ann. § 33.011(1).

In the context of § 33.011(1), "claimant" has been held to include persons who "seek[] . . . recovery of damages for the injury . . . of [another] person" by asserting a derivative claim for their own damages. *See, e.g.*, *Virlar v. Puente*, 664 S.W.3d 53, 60 (Tex. 2023) (loss of services and consortium); *JCW Elecs., Inc. v. Garza*, 257 S.W.3d 701, 707 (Tex. 2008) (wrongful death). But nothing in the statutory definition or any authority cited by Tropicana suggests that "claimant"

5

must be or can be construed to extend to a next friend, guardian ad litem, or any other person whose role is limited to asserting a non-derivative claim for another person's damages on behalf of that other person.[3]

Further, while Tropicana argues that in *Domino's*, the Fourteenth Court of Appeals held that "a parent suing on behalf of a child is a 'claimant,'" M.G. correctly responds that in *Domino's*, the parent's status as a claimant "came from his prior status as a plaintiff asserting an individual claim on his own behalf, not as a next friend." *See Domino's* 2012 WL 2159392, at *1 (parent brought suit individually and as next friend of minor child).[4]

Given the lack of authority to support Tropicana's argument, we cannot say that the trial court abused its discretion by not determining that "claimant" under § 33.011(1) includes a person acting as a next friend. *See Walker*, 827 S.W.2d at 840.

### III.  CONCLUSION

We conclude that Tropicana has failed to show the trial court abused its discretion either

---

[3] Regarding the role of a next friend in litigation, *see In re Bridgestone Americas Tire Operations, LLC*, 459 S.W.3d 565, 573 (Tex. 2015) (orig. proceeding) ("The next friend . . . is neither technically nor substantially the party, but resembles an attorney, or a guardian ad litem, by whom a suit is brought or defended on behalf of another.") (citing *Morgan v. Potter*, 157 U.S. 195, 198 (1895)). We further note that next friends are treated as non-parties for various purposes. *See, e.g.*, *id.* ("[W]e cannot conclude that a next friend is 'a party seeking recovery of damages for personal injury or wrongful death.' That description fits the persons who are authorized to bring a wrongful-death action under section 71.004, but not the person serving as a conduit when the ones authorized to bring the action are minors. As such, a next friend's legal residency in Texas does not trigger the forum-non-conveniens statute's Texas-resident exception.") (internal citation omitted); *Gracia v. RC Cola-7-Up Bottling Co.*, 667 S.W.2d 517, 519 (Tex. 1984) ("Josefina Gracia appeared in the original action only in a representative capacity as next friend of her minor daughter, Dolores. . . . The limited effect of such an appearance is recognized in the Restatement (Second) of Judgments section 36(2) (1982) as follows: 'A party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity.'").

[4] Notably, each of the other cases cited by Tropicana in support of its argument that Gaytan is a claimant under § 33.011(1) involves a former defendant, not a next friend. *See CVR*, 500 S.W.3d at 78–79; *Sanchez v. Castillo*, No. 05-18-01033-CV, 2020 WL 1042519, at *5 (Tex. App.—Dallas Mar. 4, 2020, no pet.) (mem. op.); and *Gespa Nicaragua, S.A. v. Recom AG*, No. 08-22-00244-CV, 2024 WL 1199466, at *21 (Tex. App.—El Paso Mar. 20, 2024, no pet.). We note that after this appeal was briefed, we issued a substituted opinion in *Gespa* (s*ee Gespa Nicaragua, S.A. v. Recom AG*, No. 08-22-00244-CV, 2024 WL 4455677 (Tex. App.—El Paso Oct. 9, 2024, no pet. h.)); however, the portion of the original opinion relevant here was not altered. *See id.* at *21.

6

in construing Plaintiff's Second Amended Petition or in interpreting the scope of "claimant" under

§ 33.011(1). Accordingly, we deny mandamus relief.

LISA J. SOTO, Justice

November 7, 2024

Before Alley, C.J., Palafox and Soto, JJ.
Alley, C.J., dissenting